# WILLIAM H. GRUBY

## v.

# WALLACE SMITH.

1. PREPONDERANCE OF EVIDENCE.—The court is of the opinion that the alleged assent of defendant to the correctness of plaintiff's charges for legal services as stated in his account, and defendant's promise to pay the balance of one hundred and forty-eight dollars, were not made out by a preponderance of the evidence.

2. ATTORNEY AND CLIENT.—A court from general principles of policy and equity will always look into the dealings between attorney and client, and guard the latter from any undue consequences resulting from a situation in which he may be supposed to stand unequal.

3. ACCOUNT STATED—INSTRUCTION.—An account stated is only *prima facie* evidence of the correctness of the account. As the instruction given, would lead the jury to conclude that an account stated was something which rendered the original merits or extortionate character of the plaintiff's charges entirely immaterial, and that it was absolutely conclusive upon the defendant, and while purporting to give all the elements necessary for a recovery, wholly omitted any reference to the relation of attorney and client, it was improper.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed June 27, 1883.

Mr. H. H. ANDERSON, for appellant; as to the relevancy of evidence, cited Wharton on Evidence, § 21; Stephen's Digest of the Law of Evidence, London ed. 1876, p. 4.

Mr. A. B. JENKS, for appellee; that in an action upon an account stated the original form or evidence of the debt is unimportant, cited 2 Greenleaf on Evidence, § 127; Holmes v. De Camp, 1 Johns. 134; Foster v. Alanson, 2 Term R. 479; Throop v. Sherwood, 4 Gilm. 92.

Where the whole of the evidence is not incorporated in the bill of exceptions, the court must intend that the evidence was sufficient to sustain the verdict: Clark v. Willis, 16 Ill. 61; Harmon v. Thornton, 2. Scam. 351; Roan v. Dosh, 4 Scam. 460; Bates v. Bulkley, 2 Gilm. 389; Granger v. War-

rington, 3 Gilm. 299; Webster v. Enfield, 5 Gilm. 298; Buck-master v. Cool, 12 Ill. 74; Ottawa, G. L. & C. Co. v. Graham, 35 Ill. 346; Buckland v. Goddard, 36 Ill. 206; Ballance v. Leonard, 37 Ill. 43; Esty v. Grant, 55 Ill. 341; Trustees v. Misenheimer, 89 Ill. 151; Fuller v. Bates, 6 Bradwell, 442.

The verdict of a jury will not be set aside when the testimony clearly preponderates in favor of such finding: Carrigan v. Hardy, 46 Ill. 502; Powell v. Feeley, 49 Ill. 143; C. & N. W. Ry. Co. v. Ryan, 70 Ill. 211; Pupinean v. Belgarde, 81 Ill. 61; Teutonia Life Ins. Co. v. Beck, 74 Ill. 165; Corwith v. Colter, 82 Ill. 585.

McAllister, J. This suit originated in justice's court, and went to the circuit court on appeal. It was brought by Smith, an attorney at law, against Gruby, a merchant tailor, to recover for legal services. The trial by jury in the latter court resulted in a judgment for plaintiff for $148, over and above a just set-off of $76. It appears by the evidence that in justice's court, the plaintiff sought to recover only upon a *quantum meruit*. In the circuit court he shifted his ground, and sought to and did recover solely upon an alleged account stated. It may be gathered from the record that defendant sought to go into an investigation of the merits of some of the items charged by the plaintiff but, on objection by plaintiff, the evidence was excluded. Some of the items in plaintiff's bill which was in evidence, seem to us to be excessive and extortionate, and we think great injustice has been done the defendant by the verdict and judgment. After a careful consideration of all the facts and circumstances, as shown by the evidence, we are of opinion that the alleged assent of defendant to the correctness of plaintiff's charges for legal services, as stated in his account, and defendant's promise to pay the balance of one hundred and forty-eight dollars, were not made out by a preponderance of the evidence. The facts that nothing of the kind was pretended on the trial before the justice, which occurred but a few days after such alleged accounting, then the not giving any testimony concerning it there, but springing it upon defendant for the first time on the

Gruby v. Smith.

trial, in the circuit court; the circumstances under which it is claimed to have taken place, the way the witnesses happened to be conveniently present, and the manner in which they testify, all conspire to show this to have been an adroit device on the part of this attorney, to collect of his client, an excessive and extortionate bill. Besides, the circumstances which occurred in defendant's store on the next day, conclusively show that plaintiff was endeavoring to take an unfair advantage of his client, and were inconsistent with the fact that defendant had, but twenty-four hours previously, voluntarily assented to the correctness of plaintiff's claim.

The fact that the relation of attorney and client subsisted between the parties, at the time of this alleged assent to a grossly exorbitant bill and promise to pay such a balance, should have had an important, if not controlling, effect upon the question whether any such assent and promise were voluntarily given or made on the part of defendant, and upon the point of permitting an investigation by him into the merits of the several items of that bill. But it seems that that relation was entirely ignored. In speaking of that relation, Story says: "It is obvious that this relation must give rise to great confidence between the parties, and to very strong influence over the actions and rights and interests of the client. The situation of an attorney or solicitor puts it in his power to avail himself, not only of the necessities of his client, but of his good nature, liberality and credulity, to obtain undue advantages, bargains and gratuities. Hence, the law, with a wise providence, not only watches over all the transactions of parties in this predicament, but it often interposes to declare transactions void which, between other persons, would be held unobjectionable." Story Eq. Jur. § 310; Jennings v. McConnell, 17 Ill. 148. In Stan v. Vanderheyden, 9 Johns. 253, the court laid down the general doctrine thus: "The court, from general principles of policy and equity, will always look into the dealings between attorney and client, and guard the latter from any undue consequences resulting from a situation in which he may be supposed to stand unequal."

This doctrine applies in a court of law as well as in courts of equity. Newman v. Payne, 2 Ves. jun. 199.

The court gave for the plaintiff this instruction which was the only one given: "The jury are instructed, that in an action upon an account stated, the original form or evidence of the debt is unimportant, for the stating of the account, changes the character of the cause of action, and is in the nature of a new undertaking. The action is founded, not upon the original contract, but upon the promise to pay the balance ascertained, if the jury find from the evidence, that there were accounts rendered by both parties to this suit, the one to the other, and a balance agreed upon in favor of the plaintiff, and a promise made by the defendant to pay that balance, then you must find for the plaintiff, not exceeding the amount so agreed upon and promised."

Under the peculiar circumstances of the case, that instruction was wrong and misleading. First, because, by the argument ingeniously embodied in it, by the counsel who drew it, and inadvertently overlooked by the court, the jury would be drawn to the conclusion, that an account stated, was something which rendered the original merits or extortionate character of the plaintiff's charges entirely immaterial, and that such account stated was absolutely conclusive upon the defendant. Such was the rule in the early days of the common law. In Trueman v. Hurst, 1 Term, 42, Lord Mansfield, said: "What is an account stated? It is an agreement by both parties, that all the articles are true. This was formerly conclusive: but a greater latitude has of late prevailed in order to remedy the error which may have crept into the account in surcharging the items." It is only *prima facie* evidence of the correctness of the account. Perkins v. Hart, 11 Wheat. 237. "It is not material when the admission was made, whether before or after action brought, if it be proved that a debt existed before suit, to which the conversation related. But whensoever such admission was made, it is *not* now held to be conclusive but any errors may be shown and corrected under the general issue." 2 Greenleaf on Ev. § 128, and authorities in notes.

The instruction was erroneous, secondly, because, while purporting to give to the jury all the elements necessary to a re-

covery, it wholly omits any reference to the relation of attorney and client, and whether the defendant was fully and fairly informed in respect to material facts. The parties not dealing upon a footing of equality, those matters should have been embraced. For the errors indicated, the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.