Steele vs. Moss, Assignee, etc.

STEELE, Respondent, vs. Moss, Assignee, etc., Appellant.

*September 27 — October 11, 1887.*

*Practice, stipulation extending time to answer.*

A stipulation between parties to an action extending the defendant's time "to serve and file his answer," gives him the right within that time to demur; a demurrer being an answer within the meaning of the statute.

APPEAL from the Circuit Court for *Milwaukee* County. The action is upon a claim for services rendered. The summons and original complaint were served January 6, 1887. On the 26th of January the parties by their attorneys stipulated in writing that the defendant might have "ten days, in addition to the twenty days allowed by law, to serve and file his answer herein, and that the plaintiff have leave to amend his complaint before the expiration of ten days." The complaint was amended by certain erasures and interlineations. On the 5th day of February the defendant served and filed a demurrer to the complaint as amended. The copy served was immediately returned to the clerk serving it, and he was told that defendant had no right under the stipulation to serve a demurrer. On the 17th of March, the plaintiff, disregarding the demurrer and without notice of any assessment of damages, took judgment as by default.

Upon being informed of such judgment, the defendant

immediately moved to vacate it for irregularity. That motion was denied on the 29th of March, and on the 14th of April the defendant again applied, upon an order to show cause, for the vacation of the judgment and for leave to file his answer. This application was supported by affidavits more particularly setting forth the facts constituting the irregularities, showing surprise and excusing his negligence, if any. This motion was also denied, and the defendant appealed from both orders denying those motions.

For the appellant there was a brief by *Glenway Maxon*, attorney, and *Shepard & Shepard*, of counsel, and oral argument by *Mr. Maxon*. To the point that the right to answer includes the right to demur, they cited *Brodhead v. Brodhead*, 4 How. Pr. 308; *Bedell v. Bedell*, 2 Barb. Ch. 99; *New Jersey v. New York*, 6 Peters, 323, and other cases. They also contended that the filing of the stipulation was an appearance, and a judgment without notice to defendant of an assessment of damages was unauthorized. *State v. Messmore*, 14 Wis. 115; *Trumbull v. Peck*, 17 id. 265; *McMurtry v. State*, 19 Neb. 147.

*John M. Connolly*, for the respondent, took the ground that it was clearly intended by the stipulation that defendant should have time to *answer* only. *Kelly v. Downing*, 42 N. Y. 71–77; *Doty v. Strong*, Burnett R. 167. The defendant's first motion was not accompanied by proper papers. *Sayles v. Davis*, 22 Wis. 225; *Bonnell v. Gray*, 36 id. 581; *Levy v. Goldbery*, 40 id. 308; *Egan v. Sengpiel*, 46 id. 704. His second motion was made on the same grounds and without leave. *Corwith v. State Bank*, 11 Wis. 431; *Hill v. Hoover*, 9 id. 15; *Pierce v. Kneeland*, id. 23; *Second Ward Bk. v. Upman*, 14 id. 596.

Cole, C. J. In this case the first motion to set aside the judgment should have been granted, because it was irregularly entered. Before the time for answering had expired.

a demurrer to the complaint was served and filed. This issue of law had not been disposed of when judgment was entered. Consequently judgment could not be entered as in case of default, as was attempted. But the learned counsel for the plaintiff contends that the stipulation giving the defendant ten days additional time "to serve and file an answer" did not give the right to demur, and that it was in violation of the stipulation to do so. We cannot concur in that view of the matter. More than twenty-five years ago it was held by this court that, within the meaning of the statute, a demurrer was an answer (*Howell v. Howell*, 15 Wis. 55), and this, too, under a provision which enacted that the objection that an action was not commenced within the time limited, could "only be taken by answer." That decision defining or construing the word "answer" has been followed since in several cases. See *Orton v. Noonan*, 25 Wis. 675; *Tarbox v. Sup'rs Adams Co.* 34 Wis. 560; *Hyde v. Sup'rs Kenosha Co.* 43 Wis. 138; *George v. C., M. & St. P. R. Co.* 51 Wis. 605. Presumably counsel were familiar with these decisions, and made the stipulation with a view to the meaning which had been given to the word "answer" in them. We cannot, therefore, construe the stipulation as allowing the defendant to *answer only*; and not demur.

. *By the Court.*— The first order refusing to vacate the judgment is reversed, and this disposes of the second order, which was to the same effect. The order of the circuit court is reversed.