KATHARINE McM. BEALS, Executrix, *vs.* JOHN WAGENER, Jr., Administrator.

December 12, 1891.

Account Stated—Evidence.—Evidence *held* to justify a finding that an account rendered was assented to.

Account Rendered by Attorney to Client.—An attorney and his client may agree to an account rendered by the former for his services.

Same—Subsequent Assent of Client.—A subsequent act of the client *held* evidence of his assent to the account as rendered.

Appeal by defendant from an order of the district court for Ramsey county, *Egan, J.*, presiding, refusing a new trial after verdict of $1,267.10 for plaintiff, who had appealed from the disallowance, by the probate court, of the claim when presented against the estate of defendant's intestate.

*B. H. Schriber*, for appellant.

*S. J. R. McMillan*, for respondent.

GILFILLAN, C. J. The question in this case is, was an account stated between the intestate of the plaintiff and the intestate of the defendant established? The plaintiff's intestate was James B. Beals, an attorney-at-law, who for a series of years had rendered services as such to John Wagener, the defendant's intestate, and during part of the time the latter had at different times sold coal to Beals. In Au-

gust, 1887, Wagener presented to Beals his account for the coal, and asked him for a statement of his account. Beals made out his account, crediting upon it Wagener for the sum of the account rendered by him, and striking the balance — $1,324.10 — in Beals's favor, and sent it to Wagener, who received it; and, a short time after, there was an interview between them in relation to it. The evidence is certainly not decisive—indeed, is rather meagre—upon the point, but we think it made a case for the jury, and that they might find from it that, although at first Wagener expressed himself that one of the charges of Beals was too much, yet, after the explanations made by the latter, he became satisfied, and assented to the account as stated. Whatever may have been the rule formerly, we see no reason to doubt that now an attorney and his client may state the account of the former. By the statute (Gen. St. 1878, c. 67, § 1) the measure and mode of compensation of an attorney are left unrestricted to the agreement, express or implied, of the parties. Under this provision there is no reason why they may not, after the services are rendered, agree upon what they were worth, and what the client shall pay for them, as fully as they might agree before they were rendered. The court would probably scrutinize such an agreement closely, to see that there was no overreaching, and that the client acted with as full and candid information as the attorney can give him. There is no suggestion in the evidence that Beals's information to Wagener as to the item at first questioned was not—on the contrary, the evidence indicates that it was—as full as was his duty to give or the latter desired.

At the close of the interview alluded to, Wagener, taking the account made by Beals with him, left, saying, as he was leaving, "Well, I will send you coal as usual to apply on the bill;" and he afterwards, without any further arrangement, so far as appears, delivered coal to the amount of $257. The court charged the jury that they should take this delivery into account in determining whether there was an assent to or acceptance of the account. This is assigned as error. The jury might take the remark of Wagener as referring to the bill or account as rendered to him, and which he retained; and they might regard the subsequent delivery of coal as some evidence—not

very forcible, it is true—that Wagener did not consider that there was any controversy or disagreement as to the bill or account upon which the coal was delivered. The charge was not erroneous.

Order affirmed.