## W. F. Hackman, Administrator, Appellee, v. City of Staunton and Staunton Telephone Company (Staunton Telephone Company, Appellant.)

1. , Death, § 36*—*essential averments of declaration.* In an action for wrongful death, the declarations must allege that the deceased left next of kin surviving.

2. Master and servant, § 537*—*essential averments of declaration.* In an action for wrongful death based on a violation of the Act of 1903 (J. & A. ¶ 5317) forbidding the employment of children under sixteen years in any dangerous occupation, the declaration must allege facts necessary to show that plaintiff's intestate was one of the class entitled to the benefit of the statute.

3. Master and servant, § 523*—*when amended declaration sets up new cause of action.* In an action against an employer for the death of a servant based on a violation of the Act of 1903 (J. & A. ¶ 5317) prohibiting the employment of children under the age of sixteen years in dangerous occupations, an amended declaration supplying the deficiencies of original declaration by alleging the age of the deceased and that he left next of kin surviving him, *held* to allege a new cause of action.

4. Pleading, § 231*—*right to plead de novo.* The right to plead *de novo* rests in the discretion of the trial court, and the discretion will not be interfered with except on a showing of gross abuse.

5. Pleading, § 355*—*when permitting withdrawal of plea not an abuse of discretion.* Action of court in permitting a defendant to withdraw a plea of general issue and to file a demurrer to the declarations, *held* not an abuse of discretion.

Appeal from the Circuit Court of Macoupin county; the Hon. James A. Creighton, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded with directions. Opinion filed October 16, 1914.

Williamson, Burroughs & Ryder, for appellant; J. S. Clarke and H. H. Willoughby, of counsel.

Truman A. Snell, for appellee; Edward C. Knotts and Peebles & Peebles, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

This is an action on the case brought by W. F. Hackman, administrator of the estate of Hobart Hackman, deceased, against The Staunton Telephone Company and the City of Staunton jointly for the alleged wrongful death of said Hobart Hackman which occurred July 20, 1912. The original declaration consisting of two counts was filed May 23, 1913. To this declaration the defendants filed a plea of general issue. On October 18, 1913, the defendants by leave of court withdrew their plea of general issue and filed a demurrer to the declaration, which demurrer was sustained as to the defendant City of Staunton and overruled as to the defendant Staunton Telephone Company. Plaintiff then by leave of court amended his declaration and dismissed his suit as to the City of Staunton. To this amended declaration the defendant Staunton Telephone Company filed first the plea of general issue and second and third the pleas of the statute of limitations. Plaintiff moved to strike the pleas of the statute of limitations from the files, which motion was overruled. Plaintiff then demurred to the pleas of the statute of limitations and the demurrer was sustained. During the trial of the case, plaintiff by leave of court again amended his amended declaration. Defendant demurred to this amended declaration as amended which demurrer was overruled, and defendant then filed his plea of general issue and pleas of the statute of limitations.

Plaintiff demurred to the pleas of the statute of limitations and the demurrer was sustained. At the close of the plaintiff's testimony the court directed a verdict of not guilty as to the first count, and the trial proceeded upon the second count of plaintiff's amended declaration as amended. The jury returned a verdict finding the defendant guilty and assessing the plaintiff's damages at two thousand dollars. Judgment

was entered upon the verdict and the defendant appealed.

The errors assigned that we think it necessary to consider are, sustaining the demurrer to defendant's pleas of the statute of limitations and refusing to direct a verdict for the defendant.

The second amended count as amended of plaintiff's declaration is the only one necessary for us to consider, as there were no errors assigned in the court directing a verdict as to the first count. The second count of the declaration as originally filed contained no allegations as to the age of plaintiff's intestate, Hobart Hackman. This second count was based upon the Act of 1903 (J. & A. ¶ 5317), which forbids the employment of children under the age of sixteen years in any occupation dangerous to their lives or limbs. The statute relates only to the employment of children under sixteen years of age; consequently all facts necessary to show that plaintiff's intestate was one of a class entitled to the benefit of such statute must be pleaded. The age of deceased was a material and essential fact necessary to be proven in order to entitle him to the benefits of the statute. *Swift & Co. v. Rennard,* 119 Ill. App. 173-179.

The second count as originally filed also failed to allege that deceased left next of kin surviving him. The allegation is a material one, as without them no cause of action exists. *West Chicago St. R. Co. v. Mabie,* 77 Ill. App. 176; *Foster v. St. Luke's Hospital,* 191 Ill. 94; *Lake Shore & M. S. Ry. Co. v. Hessions,* 150 Ill. 546. By the amendments to the second count the plaintiff was permitted to allege the age of the deceased at the time of his injury and also what next of kin he left surviving. These amendments stated a new cause of action and were made more than one year after the cause of action occurred. The statute of limitations were good pleas, and the demurrer should have been overruled and the peremptory in-

struction given to find for the defendant. Plaintiff complains about the ruling of the court in permitting the defendant to withdraw its plea of general issue and demurrer to appellee's declaration, and upon the subsequent ruling of the court on pleadings.

The right to plead *de novo* has always rested in the discretion of the trial court, and it certainly cannot be reversed except on showing the grossest abuse. We have examined the record carefully and find there was no abuse of that discretion. The pleas of the statute of limitations were good pleas, and after plaintiff amended his declaration the court should have permitted them to be filed. However, no cross-errors were assigned by plaintiff in this action of the court, and this matter is not before us.

For the errors indicated the judgment is reversed with direction to the court to overrule the demurrer to the pleas of the statute of limitations.

*Reversed and remanded with directions.*