Louis Henry and Max Robinson, trading as Henry & Robinson, Appellees, v. William M. Le Moyne, Appellant.

## Gen. No. 26,031.

ATTORNEY AND CLIENT, § 134*—*what evidence is admissible in an action for compensation on an account stated.* In a suit by attorneys, on an account stated, to recover for professional services performed, the client is permitted to prove that the charges are exorbitant and excessive, are not warranted by custom and usage and are otherwise unfair and unreasonable.

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in this court at the March term, 1920. Reversed and remanded. Opinion filed October 11, 1920.

SEYMOUR EDGERTON, for appellant; THOMAS W. PRINDEVILLE and WILLIAM SHERMAN CARSON, of counsel.

WINSTON, STRAWN & SHAW, for appellees; EDWARD W. EVERETT and MAX ROBINSON, of counsel.

MR. JUSTICE DEVER delivered the opinion of the court.

The plaintiffs, practicing attorneys, brought suit in the municipal court of Chicago and recovered a judgment of $5,845.20 against the defendant on a statement of claim in which plaintiffs alleged that the defendant was indebted to them on accounts stated.

It is alleged in the statement of claim filed by the plaintiffs that they had rendered to defendant, during a period of several months, numerous statements of accounts showing a balance due them for professional services. In his affidavit of merit defendant denied liability to plaintiffs except as to the sum of $100. The statement of claim does not set up that the charges

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

made for the alleged services rendered to the defend-
ant were fair and reasonable. The plaintiffs rely solely
upon the allegations that they are licensed attorneys
at law; that they had rendered services to the defend-
ant and had delivered to him statements showing the
charges for, such services, and that defendant had by
his silence for several months after he had received
the statements and by the payment on May 12, 1917,
of the sum of $100 rendered himself liable for the ag-
gregate amount of the several statements which had
been delivered to him.

On the trial of the cause the court admitted in evi-
dence copies of the several statements referred to in
the statement of claim, and a witness for plaintiffs
testified that the statements were accompanied by
letters and were sent to the defendant; that the plain-
tiffs had "never at any time received any communica-
tion in writing, or verbally, from defendant, in which he
made any objection to the amounts rendered as shown
by certain exhibits." The trial court denied a mo-
tion made on behalf of defendant to strike out the evi-
dence offered by plaintiffs and refused to direct a ver-
dict in favor of defendant. The abstract of record
shows that the defendant thereupon "offered to prove
the nature, character and extent of the services ren-
dered by the plaintiffs for the defendant in each of
the several suits mentioned in plaintiffs' statement of
claim and the character of the questions in issue, and
the amounts involved in each of said suits, and the
approximate time and labor bestowed by the plaintiffs
thereon"; and further offered to prove the usual and
customary fair and reasonable charges for such services
in the City of Chicago at the time when such services re-
spectively were rendered, and that no agreement or con-
tract was made between plaintiffs and defendant either
before or after the rendition of said services as to the
amount of the compensation to be paid to the plaintiffs
therefor. Defendant also offered to prove that the

several charges for services made by plaintiffs against defendant in various statements and bills offered in evidence by the plaintiffs and mentioned in plaintiffs' statement of claim, "are excessive and unreasonable and more than the usual and customary charges for similar services in the City of Chicago at the several times when the same were rendered." The court refused to allow the making of such proof.

Evidence was also tendered, which the court excluded, to prove that "it was not usual and customary amongst attorneys in the City of Chicago, during the time covered by the services rendered by the plaintiffs and mentioned in plaintiffs' statement of claim, to charge an initial retainer in suits in which they are employed, to be paid by their clients, in addition to the usual and customary, fair and reasonable charges for the services actually rendered in such suits;   *   *   * that no agreement was made between plaintiffs and defendant, before or after the employment of plaintiffs by the defendant, to pay a retainer in the several suits in which plaintiffs were employed, or in any of them, and that plaintiffs had acted for the defendant in many matters and suits during several years prior to the time of the performance of the services mentioned in plaintiffs' statement of claim, and had never in any of said matters or suits charged or collected any initial retainer." The court thereupon on motion of counsel for plaintiffs directed the jury to find a verdict in favor of the plaintiffs. The jury did as directed and judgment was entered against the defendant for the sum of $5,845.20. The defendant seeks by this appeal to reverse the judgment.

It is apparent from the record that the trial judge was of the opinion that the admission of the statements and letters accompanying them, supported by oral testimony that they had been delivered to defendant and that he had made no objection thereto, established a prima facie case against him that could be contradicted

only by evidence showing error, fraud or mistake. On the other hand, counsel for defendant assert that the present suit is one between attorneys and client; that a confidential relationship existed between the parties, and that because of this fact the general rules appertaining to accounts stated do not apply.

We have been favored in the briefs of counsel with citations of and quotations from cases expounding the general rule applicable to cases involving accounts stated, but the present case really turns upon the point made that the defendant sustaining, as he does, the relationship of client towards the plaintiffs, is not for this reason bound by the general rule and is permitted to go behind the statements made and show that the charges made were excessive and exorbitant. It is clear from the record that no express agreement had been entered into by the parties for the payment of any specific amount for the services alleged to have been rendered to the defendant. He is charged in the statements with retainer fees, but it is not alleged, nor was it shown in the evidence, that the defendant had ever agreed to pay such fees to plaintiffs. As stated, no attempt was made to prove that the charges, either for services rendered or as retainers, were fair and reasonable. In brief, then, the main question presented to us is whether the trial court erred in refusing to admit evidence tendered for the defendant that the charges made in the statements were exorbitant and excessive; were not warranted by custom and usage and were otherwise unfair and unreasonable. It seems almost impossible to reconcile the decided cases dealing with this question.

In *Beals v. Wagener,* 47 Minn. 489, the court said:

"Whatever may have been the rule formerly, we see no reason to doubt that now an attorney and his client may state the account of the former."

Other cases to which our attention has been called tend to sustain the position taken by counsel for plain-

tiffs.   We are of opinion, however, after a considera-
tion of these authorities, that the holdings in the cases
of *Gruby v. Smith,* 13 Ill. App. 43; *Hopkinson v. Jones,*
28 Ill. App. 409; *Jennings v. McConnel,* 17 Ill. 148, and
*Poppers v. Schoenfeld,* 97 Ill. App. 477, are in conso-
nance with reason and justice.

In the *Poppers* case, *supra,* this court, speaking
through Mr. Justice Adams, held that the trial court
erred in refusing to permit a defendant to question
items of an account or to cross-examine with relation
thereto in a case where the plaintiff, an attorney, re-
lied upon an account stated.   In deciding the case the
court said:

"It is apparent from the preceding statement, the
theory of the trial court was that in a suit by an at-
torney at law against his client, to recover compensa-
tion for professional services performed by the former
for the latter, proof of an account stated is conclusive
as against the client.   Hence the court ruled that ap-
pellee could not be examined as to the items of his
account."

It is sought to distinguish this case by urging that
it was merely held therein that proof of an account
stated is not conclusive as against the client, but an
examination of the case discloses that the reviewing
court held it error to exclude the defendant from ques-
tioning, by cross-examination or otherwise, the correct-
ness of the alleged account stated.

In the *Hopkinson* case, *supra,* the court said:

"The question asked of the defendant opened up a
branch of the case which she was refused the right to
investigate, and that was as to the right of the defend-
ant to go back of the alleged settlement and statement
of the account (even conceding that such settlement
and statement had ever been made), and look into the
fairness and reasonableness of the charges made as
they grew out of the original transaction.   The court
in the admission and rejection of the evidence as well
as in the instructions given and refused, seems to have

proceeded on the theory that a statement of account made between attorney and client was conclusive upon the client. This may be the rule as among strangers where no relation of confidence or trust exists, and where neither had a right to look upon the other for protection against fraud or oppression, or undue advantage. But this rule, if it ever had any existence as between persons holding confidential, trust or dependent relations toward each other, seems to have been relaxed as to them.''

In the *Gruby* case, *supra*, an attorney brought suit against his client to recover for legal services rendered. The suit was originally brought before a justice of the peace. In deciding the case the court by Mr. Justice McAllister said:

''The fact that the relation of attorney and client subsisted between the parties, at the time of this alleged assent to a grossly exorbitant bill and promise to pay such a balance, should have had an important, if not controlling, effect upon the question whether any such assent and promise were voluntarily given or made on the part of defendant, and upon the point of permitting an investigation by him into the merits of the several items of that bill. But it seems that that relation was entirely ignored.''

An instruction was given in the *Gruby* case which told the jury that ''if the jury finds from the evidence that there were accounts rendered by both parties to this suit, the one to the other, and a balance agreed upon in favor of the plaintiff, and a promise made by the defendant to pay that balance, then they must find for the plaintiff, not exceeding the amount so agreed upon and promised.'' In commenting upon this instruction the court said:

''Under the peculiar circumstances of the case, that instruction was wrong and misleading. First, because, by the argument ingeniously embodied in it, by the counsel who drew it, and inadvertently overlooked by the court, the jury would be drawn to the conclusion that an account stated was something which rendered

the original merits or extortionate character of the plaintiff's charges entirely immaterial, and that such account stated was absolutely conclusive upon the defendant. Such was the rule in the early days of the common law.

\*       \*       \*       \*       \*       \*       \*

"The instruction was, erroneous, secondly, because, while purporting to give to the jury all the elements necessary to a recovery, it wholly omits any reference to the relation of attorney and client, and whether the defendant was fully and fairly informed in respect to material facts."

For the plaintiffs it is stated that all that was ever claimed by them is that they had made out a prima facie case which could be met by the defendant only by proof tending to show fraud or mistake, and this contention does find support in the cases referred to in the case of *Ward v. Yancey,* 78 Ill. App. 370.

The record shows that the trial court refused to permit the defendant to show that the charges made had never been expressly agreed to by him; that they were exorbitant and excessive and that they were generally unfair and unreasonable. In the *Ward* case, *supra,* a contention was made that a note sued on was executed in consideration of legal services and that the relation of the parties being that of attorney and client, required the attorney, the plaintiff, to show that the transaction in which the note was given was because of the relationship fair and equitable, and it was held in that case that:

"An application of the rule to the extent contended for by counsel would require every attorney suing upon a promissory note executed by a client for legal services to show affirmatively that the services were performed, that the charges were reasonable, and that the client so understood it when he gave the note. In a case where the transaction was simply the giving of a note in payment of legal services performed, we do not think any greater duty rests with the attorney

seeking collection by suit than devolves upon any other plaintiff suing upon a promissory note.''

Here, however, a similar question does not arise. It is not contended in the first instance that the burden of showing that the charges made were fair and reasonable rested upon the plaintiffs, but it is urged that it was permissible for the defendant to prove that the charges were in fact exorbitant and excessive. In the case at bar the defendant was willing to assume the burden of proving the illegality of the charges, and it is our opinion that under the authorities cited he should be permitted to make this proof. If the assertion that the charges made in the statements were unfair and unreasonable be true, then it follows almost necessarily that these charges were made either through error or by conscious unfairness; and in either event defendant ought to be permitted to show their injustice. Having no evidence before us tending to support defendant's position, we, of course, do not mean to intimate that the charges made were in fact unfair, unreasonable, or otherwise improper. There is, as stated, no evidence tending to show an express agreement between the parties for the payment of any definite sum for professional services alleged to have been rendered by the plaintiffs or for retainers; and it is argued that the claim made is in large part for professional services; that the statements rendered were for unliquidated amounts and that the general rule relating to accounts stated would for these reasons have no application to the present case. This question is not fully argued, and while there is authority tending to support the position of counsel for defendant, we prefer to rest our decision upon the *Gruby* and other cases above cited. *Vanbebber v. Plunkett*, 26 Ore. 562.

The evidence shows that defendant was engaged in the practice of law for some years, but that he has not been so engaged since the year 1900. Whatever force there may be in the argument that he knew or ought

to have known whether the charges made in the statements were fair or otherwise, he is entitled to the benefit of whatever rules of law are fairly applicable to the case.

For the error of the trial court in its rulings on the admission of evidence the judgment of that court must be reversed.

The judgment of the municipal court will be reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*

HOLDOM, P. J. and McSURELY, J., concur.