Louis Henry and Max Robinson, trading as Henry & Robinson, Appellees, v. Park Fire Proof Storage Company, Appellant.

### Gen. No. 26,134.

1. Attorney and client—*when account stated between may be reopened.* It would seem to be the law in this State that the relations of attorney and client are subject to such ethics that even if there is an account stated between them, the merits of the account may be gone into.

2. ATTORNEY AND CLIENT—*when rendering of account for services does not terminate relation.* The fact that the defendant, in an action to recover for legal services, employed plaintiffs, and services were rendered and statements of charges sent to defendant and no response or objection was made, and plaintiffs were employed to render further services and sent further bills to which there was no response, did not extinguish the relation of attorney and client, and estop the latter from putting in evidence on the merits of the claim; and it was reversible error to exclude such evidence.

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1920. Reversed and remanded. Opinion filed November 2, 1921.

SEYMOUR EDGERTON, for appellant; THOMAS W. PRINDEVILLE and WILLIAM SHERMAN CARSON. of counsel.

WINSTON, STRAWN & SHAW, for appellees; EDWARD W. EVERETT and MAX ROBINSON, of counsel.

MR. JUSTICE TAYLOR delivered the opinion of the court.

The plaintiffs, Henry and Robinson, lawyers, brought suit against the defendant in the municipal court for the sum of $875, for legal services. The cause was tried before a jury and at the close of all the evidence the trial judge instructed the jury to find for the plaintiffs in the sum of $831.28. A verdict was rendered accordingly, and judgment entered thereon. This appeal is therefrom.

The statement of claim sets up that the plaintiffs are attorneys at law; that the defendant engaged their services, which were rendered to the defendant at its special instance and request; that on January 12, 1917, the plaintiffs rendered to the defendant a written account for legal services rendered—a copy of which was attached—that thereafter at various times the plaintiffs rendered to the defendant other accounts for legal services rendered—which are attached to the

amended statement of claim—that the legal services mentioned in all said accounts and exhibits were rendered by the plaintiffs to the defendant at its special instance and request; that the amounts specified are due and owing to the plaintiffs from the defendant; that the said accounts amount to the sum of $875; that that amount is due from the defendant to the plaintiffs for legal services rendered; that the defendant promised and agreed to pay to the plaintiffs the sum of $875 for legal services rendered by the plaintiffs at the defendant's special instance and request.

The defendant company filed an affidavit of merits through its president. It was therein stated that the defendant had a good defense to the whole of the plaintiffs' demand with the exception of $125; that during all the time covered by the alleged account the relation of attorney and client existed between the plaintiffs and the defendant; that no special arrangement or contract was ever made between them as to the amount of compensation to be paid for services rendered or to be rendered; that the liability of the defendant is for unliquidated damages for breach of an implied promise to pay to the plaintiffs reasonable value for the services rendered by the plaintiffs as attorneys; that the claim of the plaintiffs as set out in the account attached to the plaintiffs' amended statement of claim is excessive and unreasonable; that the usual and customary and reasonable value of the services rendered by the plaintiffs to the defendant is the sum of $125.

The cause was tried before a jury. At the trial, counsel for the plaintiffs introduced in evidence the plaintiffs' amended statement of claim, the 17 exhibits thereto attached, the affidavit of merits and the reply thereto by one of the plaintiffs, certain interrogatories propounded to the president of the defendant corporation and his answers, and the testimony of the plaintiff, Max Robinson, and rested.

The evidence which was offered and which consisted of the substance of the statement of claim and the exhibits attached, the affidavit of merits, the interrogatories to the defendant's president and his answers, show that the plaintiffs were employed from time to time by the defendant as its lawyers to render certain legal services; that beginning on January 12, 1917, bills or statements of account were sent by the plaintiffs to the defendant for legal services, as follows: On January 12, 1917, for $150; May 26, 1917, for $300; June 30, 1917, $300; August 15, 1917, $125; August 27, 1917, $15; August 27, 1917, $25; August 27, 1917, $65; August 27, 1917, $10; August 27, 1917, $35; August 27, 1917, $25; August 27, 1917, $65; August 27, 1917, $25; August 27, 1917, no charge. It also shows that on September 10, 1917, the plaintiffs wrote to the defendant requesting payment of $600 for legal services, and on September 17, 1917, again wrote to the defendant stating that they had omitted from their statement of September 10, 1917, an item of $125 which made the total account $725. It also shows further that on November 27, 1917, the plaintiffs rendered to the defendant a statement of account for legal services in the sum of $875, which account had an additional item of $150, for which no bill or statement had formerly been rendered.

The interrogatories propounded to the president of the defendant and his answers thereto show that the defendant received all of the bills or statements that were sent by the plaintiffs, and that at no time after the receipt of any of them did it have any communication of any kind with the plaintiffs relative to them. They further show that $300 of the account was for legal services in a lawsuit involving a claim under a building contract against which the defendant had a counterclaim of more than the original claim; that a charge of $125 was for services rendered in a claim for storage amounting to $900 which was collected

in full; that all the other items involved the collection of storage charges, in only three of which were any collections made by the attorneys, and in these the total collections amounted only to $114; that the bill of $150 dated November 27, 1917, was for legal services pertaining to a claim for storage charges amounting to $1,437.55, concerning which suit is still pending; that he, the president of the defendant company, was admitted to the bar about the year 1879 but has not been engaged in active practice for more than 15 years.

Counsel for the plaintiffs offered in evidence the further answer of the president of the defendant company to the effect that the usual, customary and reasonable fee for the services rendered for the matters involved in. the first three items is $50; for the next ten items a total of $50; and for services set forth in the bill of November 27, $25.

At the close of the plaintiffs' case, counsel for the defendant moved to strike out the evidence offered on behalf of the plaintiffs on the ground that there had been no showing as to what legal services had been rendered or that the charges made were reasonable, customary and usual fees for such services, and moved for a directed verdict in favor of the defendant. Its motion being overruled, counsel for the defendant then offered to prove the kind and character and extent of the services rendered by the plaintiffs for the defendant and the approximate time and labor bestowed by the plaintiffs thereon, and the usual, customary, fair and reasonable charges for such services, and that no contract was made between the plaintiffs and the defendant as to the compensation to be paid to the plaintiffs; and, further, to prove that the charges made were excessive and unreasonable and not the usual and customary charges for similar services. That offer was objected to by counsel for the plaintiffs, and the objection sustained.

Thereupon, on motion of counsel for the plaintiffs,

the trial judge instructed the jury to bring in a verdict for the plaintiffs in the sum of $831.28. Such a verdict was found, and judgment entered thereon.

In another suit in another division of this court, between the same plaintiffs and one LeMoyne (the president of the defendant company in the instant case), 219 Ill. App. 313, where, practically, a similar question arose as here, it was held that the trial judge erred in refusing to permit the defendant to put in evidence to show that the charges made by the plaintiffs were unfair or unreasonable. In that case the court said (p. 320):

"In the case at bar the defendant was willing to assume the burden of proving the illegality of the charges, and it is our opinion that under the authorities cited he should be permitted to make this proof. If the assertion that the charges made in the statements were unfair and unreasonable be true, then it follows almost necessarily that these charges were made either through error or by conscious unfairness; and in either event defendant ought to be permitted to show their injustice."

In *Hopkinson v. Jones,* 28 Ill. App. 409, the court said:

"The court in the admission and rejection of the evidence as well as in the instructions given and refused, seems to have proceeded on the theory that a statement of account made between attorney and client was conclusive upon the client. This may be the rule as among strangers where no relation of confidence or trust exists, and where neither has a right to look upon the other for protection against fraud or oppression, or undue advantage. But this rule, if it ever had any existence as between persons holding confidential, trust or dependent relations toward each other, seems to have been relaxed as to them."

It would seem to be the law in this State that the relations of attorney and client are subject to such ethics that even though there is an account stated between them the merits of the account may be gone

into. *Gruby v. Smith,* 13 Ill. App. 43; *Hopkinson v. Jones,* 28 Ill. App. 409. We do not find that *King v. Rhoads & Ramsay Co.,* 68 Ill. App. 441; *Gilmour v. Reets,* 216 Ill. App. 631, or *State v. Illinois Cent. R. Co.,* 246 Ill., at 246, in any way qualifies the principle just stated.

Counsel for the plaintiffs argue that it is the law that where a lawyer or any creditor sends a bill or statement of indebtedness to a client or debtor and the latter makes no response and an unreasonable period of time thereafter elapses that an account stated comes into being and the client or debtor, without any overt act on his part, has impliedly promised to pay the amount mentioned. The evidence in the instant case, however, involves only the law applicable to a transaction between attorneys and clients, and it is, therefore, unnecessary to consider the law in regard to ordinary business transactions participated in by persons between whom there is no relationship of confidence or trust such as exists between attorneys and clients.

The fact that the defendant employed the plaintiffs, and services were rendered and statements of charges sent to the defendant, and no response or objection was made by the defendant, and then again and again the plaintiffs were employed and rendered further services and sent further bills to which there was no response, cannot be considered as extinguishing or altering the relation of attorney and client, and estopping the latter, in case of suit, from putting in evidence on the merits of the claim.

Owing to the error of the trial court in its rulings on the admission of evidence the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

O'CONNOR, P. J., and THOMSON, J., concur.