**Lelia Lewis et al., Appellants, v. The Continental Assurance Company et al., Appellees.**

Opinion filed March 4, 1937.

ASA J. WILBOURN and C. S. MILLER, of Mound City, for appellants.

STONE & FOWLER, of Marion, for certain appellee; A. D. STEVENS, of Springfield, of counsel.

FLOYD E. HARPER, of Springfield, for certain other appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

Appellants filed their complaint in chancery in the circuit court of Pulaski county, and afterwards, a first and second amended complaint. The cause came on to be heard upon motions to dismiss the second amended complaint.

The second amended complaint alleges the marriage of the assured Walker T. Lewis and Anna Lewis, one of the plaintiffs; the birth of this marriage of Lilia and Regina Lewis; that on the 23rd day of October, 1928, said Walker T. Lewis secured a divorce from

Anna Lewis in the said county of Pulaski; that as a part of the settlement of property rights in connection with said divorce proceeding Walker T. Lewis and Anna Lewis agreed in writing that the said Walker T. Lewis "shall transfer of the insurance which he now carries the total amount of $4500.00 and make same payable to the above named daughters, share and share alike, and that the party of the first part shall transfer of the insurance which he is now carrying a total of $1500.00, which shall be made payable to his estate" and so forth.

The complaint further alleges that at the time of the execution of the foregoing agreement, Walker T. Lewis was an employee of the Central Illinois Public Service Company and had been for many years prior thereto and continued in such employ until the date of his death; that the said Central Illinois Public Service Company carried group insurance upon the said Lewis together with other employees; that in connection with such group insurance the life of said Walker T. Lewis was insured in the total sum of $6,000, which said amount of insurance had been carried and paid for by the said Walker T. Lewis prior to the execution of said agreement and was continued by him thereafter up until the date of his death.

The complaint further alleges that in accordance with said agreement said Anna Lewis and Walker T. Lewis agreed that the beneficiaries in the said insurance to the amount of $4,500 should be transferred and changed to the name of each of the children substituted for the name of Anna Lewis therein, and that said Central Illinois Public Service Company was so notified and furnished a copy of said agreement.

That the said Central Illinois Public Service Company procured from the Continental Assurance Company a certain policy of insurance commonly called a group insurance policy, the exact terms and condi-

tions of which group insurance policy are unknown to the plaintiffs, but that plaintiffs are informed and believe, and so state the fact to be, that such group insurance policy provides for the issuance of certain certificates by the said Central Illinois Public Service Company to its employees whereby, in accordance with the terms and conditions of such group insurance policy and the certificates issued in conformity therewith, the lives of said employees of said Central Illinois Public Service Company were insured; that in connection with the said group insurance policy so carried by the Central Illinois Public Service Company with the defendant Continental Assurance Company, certain certificates of policies of insurance were issued by said Continental Assurance Company upon the request of said Central Illinois Public Service Company, upon the life of said Walker T. Lewis and delivered to him and at the time the said policies were issued both the Central Illinois Public Service Company and the Continental Assurance Company had full knowledge of the agreement above set forth, and that in accordance with the terms and conditions of such agreement, the plaintiffs Lilia Lewis and Regina Lewis should have been named in the said policies as the beneficiaries thereof.

That said policies were never turned over to plaintiffs; that plaintiffs have been unable to get possession of them; that they affix Exhibit "A" as a form which they believe is the correct form of policies issued to the said Walker T. Lewis, except as to names and dates and so forth.

The complaint further alleges that Walker T. Lewis died in Missouri on the 18th day of March, 1934, while said policies were in full force and effect, leaving surviving him the defendant Edith Corzine Lewis, defendant, his wife, and the plaintiffs Lilia and Regina Lewis, his daughters.

That immediately after said death plaintiffs communicated with both the Central Illinois Public Service Company and the Continental Assurance Company and asked the said Continental Assurance Company for necessary blanks with which to make proofs of death on their behalf, and that said Continental Assurance Company replied that they had no record of insurance issued to the said Walker T. Lewis; that plaintiffs notified both defendants immediately after said death that they were claiming this insurance to the amount of $4,500; that both defendants had full knowledge of said contract; that notwithstanding said knowledge the said Continental Assurance Company did, under date of April 17, 1934, wrongfully and improperly pay over to the said Edith Corzine Lewis the amount of such insurance, $4,500, so due and payable to plaintiffs, without the knowledge or consent of the plaintiffs.

The complaint further alleges that Edith Corzine Lewis, the other defendant, had full knowledge of the existence of said contract, and that said insurance in equity and justice belonged to and was the property of these plaintiffs, and that she had no right to collect any part thereof, but conspiring and conniving with certain officers and agents of the Central Illinois Public Service Company and the Continental Assurance Company, she unlawfully and wrongfully had her name substituted as beneficiary in said policies shortly before the death of said Walker T. Lewis, and unlawfully and wrongfully procured the payment of said insurance to her.

The complaint then prays that the Continental Assurance Company, its officers and agents, be required to make full disclosure as to what insurance policies had been issued by them on the life of the said Walker T. Lewis, what names were written in as beneficiaries thereof, together with complete form and condition of

said policies; that in case any name appears therein except the names of plaintiffs Lilia Lewis and Regina Lewis, that such insurance policies be reformed so as to show the correct name of said beneficiaries, and that the said defendant be required to pay to the said Lilia Lewis and Regina Lewis the sum of $4,500 in accordance with the terms, agreements and conditions of said insurance, and so forth.

To this second amended bill of complaint, defendants filed separate motions to dismiss on the ground that said amended complaint did not state a cause of action. Many other reasons are urged why this second amended complaint is insufficient. We shall examine this one which is common to all the motions.

The language of the contract between Walker T. Lewis and Anna Lewis is that Walker T. Lewis "shall transfer of the insurance which he now carries the total amount of $4500.00, and make same payable to the above named daughters, share and share alike." There is no allegation anywhere in this complaint to the effect that the insurance there referred to is the same insurance which the said Walker T. Lewis carried at the time of his death. Even giving to said allegation in said complaint its reasonable intendments there is that specific allegation lacking. It is a well established rule, however, that the allegations in a pleading must be taken most strongly against the pleader, and by the application of that rule, instead of supplying the necessary needed allegations, the contrary is true, and the complaint with its exhibits shows upon its face that it is not the same insurance, and the dates of the exhibit bear that out. In a proceeding of this character courts may not assume, guess or take for granted an allegation without which a pleading cannot be maintained. It would have been easy to make this allegation. If the allegation is not true it would have been easy to say that the insurance

was one and the same insurance and that by a system of procedure it was carried on from year to year by renewals, but was still the insurance which the said Walker T. Lewis carried at the time of his death. This allegation is not there, nor as said before is there anything which alleges that fact. It is true the complaint alleges that the defendant Central Illinois Public Service Company procured insurance on its employees from the other defendant, but it does not say when, nor in what amount, nor what character of insurance was so procured.

We are of the opinion that this second amended complaint is lacking in substantial averments without which a cause of action cannot be based upon said complaint.

Having arrived at this judgment in the matter, it is unnecessary to discuss the other numerous objections to the complaint. If this is lacking, then the discovery asked for in the complaint could not avail plaintiffs, even were they such parties as were entitled to ask for discovery. This being true, the allegations of conspiracy, if they stated a ground of conspiracy, would still be an allegation in reference to insurance which the court cannot say was the insurance alluded to in the divorce contract.

As to the discovery, Ill. State Bar Stats. 1935, ch. 110, ¶ 186; Jones Ill. Stats. Ann. 104.058 (section 182, paragraph 2, Smith-Hurd Rev. Stat.), the Civil Practice Act provides for the listing of documents by the party in whose possession they may be, but that cannot be had based upon an allegation which is general and sweeping and calls for something entirely indefinite in order that a party may see whether there is something upon which to base a cause of action. The cause of action must be stated first.

The record in this case shows that plaintiffs took ample time to amend the complaint again, but failed

to do so. It is a fair assumption that they refused to amend knowingly and intentionally, with reasons which were sufficient to them. They elected to stand by the second amended complaint and brought this appeal.

The second amended complaint being in our judgment insufficient to state a cause of action, it follows that the trial court ruled correctly in dismissing it.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*