Weightstill Woods, Appellant, v. First National Bank of Chicago, as Executor of Will of Clara H. Tollerton, Deceased, Appellee.

Gen. No. 41,991.

Heard in the first division of this court for the first district at the October term, 1941. Opinion filed April 20, 1942.

JAMES G. McCONAUGHY, of Chicago, for appellant.

NAT M. KAHN, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Woods sued Clara H. Tollerton and filed a verified complaint with exhibits attached. He claimed $1,153.80 with interest for delay, as provided by the statute. Defendant was served with summons October 4, 1940.

November 4, 1940, a stipulation was filed, signed by plaintiff and defendant's attorney, that the time of defendant to file her sworn answer should be extended to November 14, 1940, and that a copy be served on plaintiff. An order as stipulated was entered November 4. November 14 (apparently without notice) plaintiff filed a motion for default for want of an answer and judgment. The same day defendant moved for leave to file her motion to strike plaintiff's complaint and accounting papers filed with it for insufficiency, and to dismiss plaintiff's suit. Specific reasons for striking the complaint and dismissing the suit were attached to the motion, and in support there was filed an affidavit by defendant's attorney who said the process was returnable Monday, November 4, 1940, at which time the answer or other pleadings was due; that for weeks prior to November 4, 1940, and continuously after, he had been engaged in extended arguments on objections to the report of a special master and also had been engaged in various appeal matters; that when the stipulation of November 4 was entered into, affiant had not examined plaintiff's complaint; that since that time he has done so and was of the opinion that the complaint did not state a cause of action and was insufficient in many respects; that he requested plaintiff's consent to the filing of the motion November 14, 1940, but plaintiff refused. The affiant therefore requested an order granting leave to file instanter her motion.

January 25, 1941, defendant died. February 3, 1941, her executor was substituted. On February 27, 1941, the motion of defendant to strike the complaint and dismiss the suit was granted. Plaintiff elected to stand by his complaint, his suit was dismissed and he appeals.

It is earnestly urged that because of the order entered by stipulation the granting of the motion for leave to strike was in violation of article 1, section 10 of the Constitution of the United States. Plaintiff

also says: "By such stipulation and order, defendant surrendered all right to plead generally, and abandoned and waived all question as to the sufficiency of the complaint. As matter of law any agreed order as to pleading or fact is irrevocable without consent of all parties to the agreement." Numerous authorities are cited in support of this novel proposition. It is said the rule was recently applied by this court in *Riggs v. Barrett,* 308 Ill. App. 549, and 308 Ill. App. 671 (Abst.). In the case cited the court had before it a final consent decree. The order here is one that simply involves procedure looking toward the disposition of the case on the merits. The enforcement of such a stipulation is always within the discretion of the court, and the word "answer" is broad enough to cover a demurrer or a motion to strike. *Universal Rim Co. v. General Motors Corp.,* 20 F. (2d) 966, 31 F. (2d) 969; *Steele v. Moss,* 69 Wis. 496, 34 N. W. 237. Moreover, the affidavit of defendant's attorney not denied (which plaintiff did not see fit to abstract), discloses a situation where the matter of the enforcement of the order was wholly within the discretion of the court. In 60 C. J. 94, notes 34, 35 and 36 is said: "Stipulations are under the control and subject to the direction of the court, which has power to relieve the parties therefrom upon proper application at a showing of sufficient cause, on such terms as will meet the justice of the particular case."

To the same effect are 25 R. C. L. 1099, note 8; *John E. Burns Lumber Co. v. W. J. Reynolds Co.,* 148 Ill. App. 356; *Humphries v. Shapiro,* 187 App. Div. 96, 175 N. Y. S. 426, citing the earlier case of *Van Nuys v. Fitsworth,* 57 Hun. 5, 10 N. Y. S. 507. Moreover, even if defendant had filed her answer to plaintiff's complaint it was within the discretion of the court to permit her to withdraw the answer and then file a motion to strike plaintiff's complaint. *People v. McDonald,* 208 Ill. 638, 640; *Hackman v. City of Staunton,* 190 Ill. App. 545;

and *Waxenberg v. J. J. Newberry Co.*, 302 Ill. App. 128, 142. We regard the law as well settled against plaintiff's contention.

The real question on this appeal is whether it was error to strike plaintiff's complaint. In considering that question the complaint is construed most strongly against the plaintiff. *Klein v. Chicago Title & Trust Co.*, 295 Ill. App. 208; *Lewis v. Continental Assurance Co.*, 289 Ill. App. 114, 119. Exhibits which are inconsistent with the allegations of the complaint negative and control the allegations. *Awotin v. Abrams*, 309 Ill. App. 421; *Bunker Hill Country Club v. McElhatton*, 282 Ill. App. 221; *Lyons v. 333 North Michigan Ave. Bldg. Corp.*, 277 Ill. App. 93. Of course, plaintiff cannot avoid the effect of his election to stand by the complaint as it is and decline to amend it. It is true, however, that well pleaded allegations are admitted by the motion to strike. *Leviton v. Board of Education of Chicago*, 374 Ill. 594.

Section 42 of the Civil Practice Act (ch. 110, par. 166, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.042]) provides: ". . . if any pleading is insufficient in substance or form, the court may order a fuller or more particular statement, and if the pleadings do not sufficiently define the issues the court may order other pleadings prepared."

Section 45 of the same act (ch. 110, par. 169, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 104.045]) abolishes demurrers and requires objections to pleadings to be raised by motion.

Defendant claims the pleadings and exhibits attached thereto are subject to the objection that they are neither clear, explicit or definite. The items of account making up the sum claimed appear on page 4 of the abstract. One of these is a balance on account stated December 1934, for $203.80. The account is attached and shows extended dealings from 1932 up to 1934 be-

tween plaintiff and the Clara H. Tollerton Trust. Just who was the trustee from whom the account became due, the pleadings do not state. It might be true that while Mrs. Tollerton was living she would have knowledge of what her relationship to the trust was, but she is dead and was at the time the motion was passed on. Her executor was entitled to have a clear statement as to what this balance of account, made years before the suit was brought, was based on, and who were the parties liable, if any. The account shows many.fees for legal services were included in the statement. Apparently the relationship of attorney and client existed. As between an attorney and client, mere allegations of a stated account, when strictly construed, are not sufficient to allege a liability of the client to his attorney on account of fees. The burden is always on an attorney to show in the first instance that any agreement he has made with his client is fair, just and reasonable. American Jurisprudence, vol. 5, § 189, p. 375; *Elmore v. Johnson,* 143 Ill. 513; *Hopkinson v. Jones,* 28 Ill. App. 409; *Henry v. LeMoyne,* 219 Ill. App. 313; *Henry v. Park Fire Proof Storage Co.,* 222 Ill. App. 317; *Comerford v. Loewenbein,* 227 Ill. App. 321. Moreover, the Civil Practice Act requires that pleadings shall state specific facts. Sections 31 (1), 33 (1), 40 (1) and 42 (1) [Jones Ill. Stats. Ann. 104.031, 104.033, 104.040, 104.042].

The other items included in the amount said to be due seem to be for unliquidated damages plaintiff claims by reason of a suit brought against him by Clara Tollerton in the circuit court of Morgan county, Missouri. The suit was in attachment and filed October 11, 1934. April 22, 1935, it was dismissed by the Missouri court for want of jurisdiction. It was again dismissed on mandate of the Appellate Court of Missouri on April 27, 1936, and the attachment was released at the April Term. The exhibits show that the action was for

$427.60, claimed to be due from Woods to Clara Tollerton; that an attachment bond was filed, the writ issued to the sheriff, who levied it upon certain lands in Morgan county, Missouri. The order of April 27, 1936, shows that a motion in writing filed by Woods, praying the attachment be quashed and dissolved and the suit dismissed, was resisted by plaintiff, and that the court having the mandate and opinion of the Kansas City court of appeals before it heard evidence and decreed that the motion in writing of Woods had not been proved by the evidence, and with other things "that this suit be and is hereby dismissed for want of jurisdiction, and that Weightstill Woods go hence without day; and said Weightstill Woods doth freely and voluntarily withdraw and dismiss his counterclaim herein." It further ordered that the plaintiff should pay the costs and that execution issue therefor, and that the judgment for costs is paid and satisfied in open court. This unexplained, would seem to justify an inference the suit was settled.

As items of damages plaintiff claims for traveling expenses from Chicago to Versailles, Missouri, April 1935 and 1936, to attend circuit court and to Kansas City, Missouri, to attend Appellate Court to defend against the attachment suit, $100; to printing and reporting expenses for the brief on appeal by Clara H. Tollerton in the Kansas City court of appeals, $50; "To damages and slander of title to real estate owned by Weightstill Woods in Morgan County, attached by said wilful and wrongful proceedings, October 1934 to April 1936 inclusive—$500.00''; to attorney's fees incurred and paid to Richard H. Woods, resident at Versailles, Missouri, attorney of record in defense of said wrongful and unlawful and wilful attachment suit in the circuit court of Morgan county, Missouri, January and April Terms, 1935, and April Term, 1936, and Kansas City court of appeals, October Term, 1935, $300; a total of $950 expenses incurred in connection with the suit which involved only $427.60.

These items for the most part are stated as bald conclusions. We hold the court was justified in sustaining the motion to strike and requiring a fuller and more complete statement of plaintiff's cause. The judgment will be affirmed.

*Affirmed.*

McSurely, P. J., and O'Connor, J., concur.