EZEKIEL SMITH

*v.*

ARCHIBALD YOUNG *et al.*

1. ATTORNEY—*equitable lien—equity jurisdiction.* Where a bill in chancery showed that complainant made a contract with the defendants, who were non-residents, by which he undertook the collection of a debt secured on a tract of land, incurring all necessary expenses and costs, and assuming all risks, and for which, if successful, he was to receive one-fifth of the proceeds, whether land or money; that a suit in chancery was commenced by him and prosecuted to final decree, a sale of the land made, and certificate of purchase issued to one of defendants, and that they had refused to recognize the rights of complainant, with prayer for a decree for one-fifth of the land, if not redeemed, otherwise for one-fifth of the pro

ceeds: *Held*, on demurrer, that the complainant was entitled to the relief sought, being entitled to an equitable lien on the land under the contract.

APPEAL from the Circuit Court of LaSalle County; the Hon. EDWIN S. LELAND, Judge, presiding.

Mr. J. H. KNOWLTON, for the appellant.

Messrs. BLANCHARD & SILVER, for the appellees.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

The bill in this case, alleges that the complainant, Smith, made a contract with Young & Van Kleek, resident in New York, by which he was to undertake the collection of a debt secured on a tract of land in LaSalle County, incurring all necessary expenses and costs himself, assuming all risks, and for his services to have one-fifth of the proceeds, whether land or money. The bill further shows the prosecution of a suit in chancery to a final decree, a sale of the land, a certificate of purchase issued to Young, and a refusal by Young & Van Kleek to recognize the rights of complainant. The bill prays a decree for one-fifth of the proceeds if the land is redeemed, or a conveyance of an undivided fifth of the land if it is not redeemed.

On the allegations of the bill we think the complainant entitled to relief. Without considering whether he could maintain an action at law, and recover a judgment before the land is converted into money, it is sufficient to say that under his contract he has an equitable lien upon one-fifth of the land, which is in danger of being lost by the unjust course of the defendants. The case, as presented by the bill, is wholly unlike *Morgan* v. *Roberts*, 38 Ill. 45, cited by counsel for appellees. In that case one of the attorneys entirely abandoned the case he had undertaken, and his client was obliged to employ new counsel. Here the complainant did not abandon the cause,

but merely employed an attorney resident in the county to assist him.

*Decree reversed.*