# MICHAEL J. DUNNE
## v.
# MARGARET A. HERRICK.

*Attorney and Client—Contract—Contingent Fee—Champerty.*

1. In the absence of some legal defense a party to a contract alleged to be void for champerty may recover from the other party thereto money received by him for and as the attorney of the former.

2. In an action by a client to recover from her attorney a portion of the share of the amount paid to settle her claim against a railroad company, retained by him in conformity with a certain contract duly entered into between them, upon the ground that the same was void for champerty, this court holds that the contract was valid, and that the judgment in her favor can not stand.

[Opinion filed June 30, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Messrs. R. D. HUSZAGH and MICHAEL J. DUNNE, for appellant.

Messrs. C. W. GREENFIELD and D. J. SCHUYLER, for appellee.

GARY, P. J. In August, 1886, the appellee was injured by an accident, for which it must be assumed now, that the Illinois Central Railroad was culpable. Boarding with her was a Mr. Taylor, who was present at the accident, and who was then a clerk in the office of the appellant, and studying law. The appellant is a lawyer.

Taylor advised the appellee to put the matter into a lawyer's hands, and after he had spoken to her many times she went to the office of the appellant and was introduced to him by Taylor. After she stated her case to the appellant, they made an agreement in writing as follows:

"This agreement, made this 23d day of September, 1886, between Mrs. Margaret A. Herrick, of Chicago, Illinois, and M. J. Dunne, of same place, witnesseth: That whereas, said Mrs. Margaret A. Herrick has a claim and right of action

against the Illinois Central Railroad Company for injuries sustained by her on said railroad, and wishes to prosecute and enforce said suit and claim, and to employ said Dunne to do so, and said Dunne is willing to undertake the enforcement of said claim.

"Now, therefore, it is hereby agreed that said Mrs. A. Herrick gives said Dunne full power and authority to prosecute said claim and sue for the same; collect and settle as her attorney at law all damages recovered against said company, or agreed by it to be paid in settlement therefor, and in consideration of said services, to be rendered by said Dunne, said Mrs. M. A. Herrick agrees to pay him and allow him to retain a sum of money equal to one-half of all and any moneys recovered or received from said railroad company, in compensation of his services as her attorney and all costs by him laid out.

"And in consideration of the premises, said Dunne agrees to prosecute said claim on the above terms.

"Mrs. M. A. Herrick,

"M. J. Dunne."

She also gave him a power of attorney to prosecute and compromise the claim. He then commenced suit, paying the costs, and finally the case was settled for $2,500, with her assent, and she signed a release to the company. The appellant then paid her one-half of the $2,500, without deducting the costs he had paid, and also at her request paid $20 to a witness from Cleveland, which was one-half of the sum paid to him. She has now recovered against the appellant the further sum of $598, on the ground that the agreement between them is void for champerty, and that he can not retain of money received by him for her, more than a reasonable compensation for his services, and the costs he paid.

The decision of the case depends upon whether that is a good ground, for doubtless the amount he retained for his services is more than a solvent client could be required to pay from his own funds for such services, as a reasonable compensation for the labor, without regard to the success attending them.

While there are some decisions that hold that the champerty cuts both ways, and that she being party to the unlawful agreement is without legal remedy for anything connected with it, the better doctrine is, that he, having received for her and as her attorney, money, she is entitled to it upon those facts; the agreement is his defense, and if the agreement is unlawful, the defense fails. Greenhood on Pub. Pol. 395. Although the settlement and division of the money between the parties were perfectly fair, and with full knowledge by her of all the facts, yet, being between attorney and client, they are not binding upon her unless they are such as she ought to have consented to. The general rule is familiar. Gruby v. Smith, 13 Ill. App. 43; 1 L. C. in Eq. 227. Whether the agreement is void for champerty is an important question upon which the discussion and citation of authorities might be made almost endless. The old law upon the subject of barretry, champerty and maintenance, seems to have been founded upon the conservative English feeling that whatever is, is right, and ought not to be disturbed.

A hundred years ago Justice Buller expressed his contempt for it. Masters v. Miller, 4 D. & E. 320. It has been so pruned away and exceptions so grafted upon it, that there is nothing of substance left of it in this State, and it has been wholly abandoned in others. Smith v. Young, 62 Ill. 210; Park Com'rs v. Coleman, 108 Ill. 591; Torrence v. Shedd, 112 Ill. 466; Phillips v. Park Com'rs, 119 Ill. 626; Weeks v. Wagner, 41 N. W. R. 269 (Mich.); Rooney v. Second Av. R. R., 18 N. Y. 368. Now, in this case was a woman keeping boarders, having a good cause of action, but no money to pay for the prosecution of it, and so told the attorney he would have to take the case on shares.

The 19th section of article 2 of the constitution, that "Every person ought to find a certain remedy in the laws for all injuries and wrongs which he may receive or his person, property or reputation; he ought to obtain, by law, right and justice freely, without being obliged to purchase it, completely, and without denial," promptly and without delay, is not self-executing; and to hold that the only practica-

ble means by which one in the situation of the appellee could obtain any redress for her injuries, were unlawful, is to deny her all remedy. The relation of attorney and client between the parties did not exist before the agreement was made, but was formed upon it, after such investigation only as enabled him to determine whether he would undertake the case.

At the time the agreement was made it was an advantageous one to her. The result to her was beneficial. The facts that on one side of a law suit is a woman and on the other a lawyer, while very persuasive, are yet not by themselves, wholly sufficient reasons for a verdict against him. The agreement being valid, either as it is written, or accompanied by a parol or implied agreement that the appellant would advance the costs, the judgment must be reversed and the case remanded.

*Reversed and remanded.*