MARY KACSMAR PULASKI, Plaintiff, *v.* SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, Defendant.*

(Supreme Court, Cattaraugus Trial Term, May, 1918.)

*Benefit societies — membership — prohibited occupations — member occasionally acted as bartender in wife's saloon — action to recover death benefit — judgment for plaintiff.*

ACTION to recover the amount of a benefit certificate or policy.

John J. Inman, for plaintiff.

W. K. Harrison, for defendant.

WHEELER, J. The plaintiff's former husband, Michael Kacsmar, became a member of the defendant's order. There was issued by it to him a beneficiary certificate or policy whereby the defendant agreed to pay to the plaintiff, the beneficiary named in the certificate, a death benefit. This action is brought to recover the amount of that benefit.

The defense interposed is that by the constitution of the defendant, which by express terms of the certificate became a part of the contract between the members and the defendant, the certificate had become null and void.

---

*Affirmed by the Appellate Division, Fourth Department, January 8, 1919.— [REPR.

The clause of the constitution relied on reads as follows:

"Sec. 42. Persons engaged in the following classes of business or employment shall not be admitted:

"(a) Those employed in any department of ammunition factories where explosive compounds are made or handled, balloonists, aviators, aeronauts, aeroplanists, plow grinders, sandstone cutters, grindstone turners, professional gamblers, saloon-keepers, bartenders of those engaged in the retailing of intoxicating liquors as a beverage; also persons employed in the making, compounding, distilling, rectifying or brewing of malt, spirituous, vinous or intoxicating liquors, or in the distribution or delivery of the same.

"(b) The beneficiary certificate of a member who shall engage in any prohibited occupation shall thereby become null and void unless such member shall within thirty days after engaging in such prohibited occupation notify the Clerk of his Camp, in writing, of such change of occupation, and thereafter, while so engaged, pay an additional sum of fifty cents on each assessment for each one thousand dollars of his beneficiary certificate."

The evidence given on the trial showed that the plaintiff was the proprietor of a saloon and restaurant in the village of Salamanca, N. Y. Her husband, the member, acted as her agent in the management of the business. A regular bartender was employed to sell drinks over the bar. Occasionally, however, and particularly late at night, the bartender would be away. On such occasions the plaintiff's husband would go behind the bar and serve drinks to those asking for them. It has been conceded no notice was given the defendant of this, and the member never paid or offered to pay the additional fifty cents per $1,000. The defendant contends that the beneficiary certificate became " null and void " by the provisions of the con-

stitution, and the plaintiff is not entitled to recover.

By subdivision " C " of the constitution it was further " provided that if a member becomes employed as a bartender the camp may expel him therefor, in which event his beneficiary shall become void."

Kacsmar was not expelled by the camp, and as we read this latter clause it in substance provides for a member's expulsion by the local camp, even though the notice required by the preceding subdivision is given and additional assessments or dues are paid. Inasmuch as no such action was taken by the local camp the rights and obligations of the parties must be determined wholly upon the provisions of subdivisions "A." and " B " of the constitution.

The sole question therefore presented is whether the plaintiff's husband was within the meaning of the constitution engaged in any of the prohibited occupations. In other words whether the prohibition extends to the occasional and incidental doing of things connected with the prohibited occupation.

We have reached the conclusion that such a construction should not be placed on the language used. If a construction contended for by the defendant were to prevail, then a single act would be effective to render the benefit certificate null and void.

The language of the constitution is: " The beneficiary certificate of a member who shall engage in any prohibited occupation shall thereby become null and void," etc. Did the member in this case engage in the prohibited occupation of a bartender?

Occupation is defined to be that which occupies the time and attention — the principal business of one's life — occupation, employment, calling or trade. *Union Mut. Acc. Assn.* v. *Frohard,* 134 Ill. 228; 10 L. R. A. 383.

It means the regular business of a person. *Standard Life & Accident Ins. Co.* v. *Fraser,* 76 Fed. Repr. 705.

MEMORANDA. 743

Accordingly it has been held that the word " occu-
pation " as used in insurance policies providing
against liability for injuries received while engaged
temporarily or otherwise in an occupation more
hazardous than the one in which he was engaged when
insured, means the vocation, profession, trade or call-
ing which the assured has engaged in for hire or profit,
and does not preclude him from the performance of
acts and duties which are simply incidentally connected
with the daily life of men. *Union Mut. Acc. Assn.* v.
*Frohard,* 134 Ill. 228; 10 L. R. A. 383; *Hess* v. *Pre-
ferred Masonic Mutual Acc. Assn.,* 112 Mich. 196;
40 L. R. A. 444.

It has been held that a person is not engaged in the
" occupation of vending medicine " who, while per-
forming missionary duties sold the bottles of medicine,
the person not being in the business of selling medi-
cine, but his occupation and profession being that of a
missionary preacher. *Love* v. *State,* 20 S. W. Repr.
978.

In the case of *Standard Life & Accident Ins. Co.* v.
*Fraser,* 76 Fed. Repr. 705, there was a claim that there
had been a breach of warranty on the part of the
insured with respect to his occupation. In his appli-
cation he described himself as a " proprietor of a bar
and billiard room, not tending bar." The evidence
was that he tended bar to the extent that he relieved
his bartenders occasionally at lunch or meal hours, and
waited on customers at that time. The trial court
instructed the jury that it was for them to say what
was the occupation of the insured. That the " phrase
in the policy was intended to describe the occupation —
the regular business of the applicant, and if you find
from the evidence that said Fraser was not engaged
in the business or occupation of tending bar as a busi-
ness or occupation, you should disregard the defense."
On appeal this instruction of the court was upheld.

In *Union Mut. Accident Assn.* v. *Frohard,* 134 Ill. 228, the contention of the insurance company was that the deceased was killed while temporarily in an act or occupation classed as more hazardous than the one in which he was accepted. The deceased was a hardware merchant, but was killed while hunting for recreation. It was held that the word " occupation " had reference to " vocation, profession, trade or calling," and not simply to incidents connected with the daily life of people.

To the same general effect is the case of *Graves* v. *Knights of Maccabees,* 199 N. Y. 397.

The above cases seem but an application of the general principle of law that an ambiguous policy of insurance is to be construed liberally in favor of the assured (*McMaster* v. *Insurance Co. of North America,* 55 N. Y. 222; *Herrman* v. *Merchants Ins. Co.,* 81 id. 184; *Matthews* v. *Amer. Central Ins. Co.,* 154 id. 449), and where the meaning of a policy of insurance is not entirely plain, and where it is capable of two constructions, one involving forfeiture, and the other supporting the obligation of the policy against the insurer, that construction is preferred which does not involve forfeiture. *Griffey* v. *New York Central Ins. Co.,* 100 N. Y. 417; *Holly* v. *Metropolitan Life Ins. Co.,* 105 id. 437; *Graves* v. *Knights of Maccabees,* 199 id. 401.

Under these authorities the court can reach no other conclusion than that the motion of the plaintiff for a direction of a verdict in her favor should be granted and the motion of the defendant for a dismissal of the complaint denied. Let judgment for the plaintiff for the relief demanded be entered.

Ordered accordingly.