## SUPREME COURT—APPELLATE DIVISION— SECOND DEPARTMENT.

### October 28, 1920.

## THE PEOPLE v. HARRY MEOLA.

### (193 App. Div. 487.)

(1) Soliciting business for lawyers forbidden—Penal Law, section 270—Constitutional Law.

The provision of section 270 of the Penal Law making it a misdemeanor for any person "to make it a business to solicit employment for a lawyer, or to furnish attorneys or counsel," etc., is a justifiable exercise of the police power of the State as such business tends to stir up litigation for litigation's sake and may be a public evil.

(2) Same—Practice—Demurrer—Code Crim. Pro. § 326.

Under section 326 of the Code of Criminal Procedure providing that the court must give judgment upon a demurrer either allowing or disallowing it, and that an order to that effect must be entered in the minutes, an order which overrules the issues of law arising upon the demurrer but which does not show the date of the entry is insufficient to sustain the demurrer.

(3) Practice—Indictment charging more than one crime.

An objection that more than one crime is charged in an indictment can be taken only by demurrer.

(4) "Business" defined.

The term "business" does not apply an exclusive occupation; a series of acts may constitute a business.

(5) Soliciting for lawyers—Proof justifying conviction.

A defendant may be properly convicted of carrying on the business of soliciting employment for lawyers where it appears that he offered to take the cases of four persons for forty per cent of the recovery and among other things admitted that he was "engaged in the business of getting cases."

(6) Same.

Under such proof it may be presumed that he was engaged in such business for profit or as a livelihood and did not solicit such business at the call of friendship or altruism.

(7) Same—Sentence on one of several counts.

The joinder of several misdemeanors in one indictment does not justify a reversal for error if the sentence be single and appropriate to any of the counts. Thus it is proper to allege in substance that the defendant

made it a business to solicit employment for a lawyer and divers lawyers and also to allege that he did furnish an attorney or counselor to render certain legal services for certain persons; such acts are distinct offenses and are both misdemeanors.

APPEAL by the defendant, Harry Meola, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Orange on the 20th day of June, 1919, upon the verdict of a jury, convicting the defendant of a violation of section 270 of the Penal Law; also from three orders, entered in said clerk's office on the 1st day of July, 1919, overruling the defendant's demurrer to the indictment, denying his motion for a new trial on the minutes, and denying his motion in arrest of judgment.

*Henry Hirschberg* (*Earle H. Houghtaling* with him on the brief), for the appellant.

*Wilber W. Chambers* (*Charles D. Newton, Attorney-General,* with him on the brief), for the respondent.

JENKS, P. J.:

The self-exploitation involved in seeking clients is a matter of taste, and certain methods of advertising that are recognized in trade are declared unethical in a profession. Dr. Johnson remarks, " Sir, it is wrong to stir up law suits; but when once it is certain that a law suit is to go on, there is nothing wrong in a lawyer's endeavouring that he shall have the benefit, rather than another." (Boswell's Johnson, *ætat* 67, 1776.)

The indictment rests upon section 270 of the Penal Law, and charges infractions of those provisions which declares it unlawful for any natural person " to make it a business to solicit employment for a lawyer, or to furnish attorneys or counsel or an attorney and counsel to render legal services."

I think that the statute is within the police power of the state, as prohibitive of a business that naturally tends to stir

up litigation for litigation's sake only, declared to be a public evil in Matter of Clark (184 N. Y. 222, 233). (See State of Washington ex rel. Kenneth Mackintosh, Pros. Atty. v. Rossman, 21 L. R. A. [N. S.] 821; Chreste v. Commonwealth, 171 Ky. 77-97; People ex rel. Armstrong v. Warden, etc., 183 N. Y. 223, 226.)

Despite the telegram of June 17th I cannot conclude that the final action of the court was sustenance of the demurrer. Section 326 of the Code of Criminal Procedure provides that the court must give judgment upon the demurrer, either allowing it or disallowing it, and an order to that effect must be entered in the minutes. The only order returned in the record is that which overrules the issues of law arising upon the demurrer. The caption contains the date June 14th, but the order does not show the date of the entry. We have not grounds, or similar grounds, for the assumption made in People v. Canepi (181 N. Y. 398, 19 N. Y. Crim. 383).

The objection that more than one crime was charged in the indictment could be taken only by demurrer. (Code Crim. Proc. § 331.) And I think, as will hereafter appear, justice to the defendant does not require consideration from us whether more than one crime was charged in the indictment.

It is contended that the prosecution failed because " not one witness was produced  *  *  *  to establish the essential elements of the crime charged, viz., the engaging in the prohibited acts as a business for pecuniary gain or the employment of the defendant as agent by any lawyer." " Business " is a broad generic word. In Parker Mills v. Commissioners of Taxes (23 N. Y. 244), Selden, J., says that this word embraces everything about which a person can be employed. In Flint v. Stone Tracy Co. (220 U. S. 171), Day, J., for the court repeats this language and defines the words as " That which occupies the time, attention and labor of men for the purpose of a livelihood or profit," quoting Bouvier. But a business does not imply an exclusive occupation; a series of acts may constitute a business.

(Bouvier, supra, citing Harris v. State, 50 Ala. 127-130; Parker Mills v. Commissioners of Taxes, supra.) The People called 11 witnesses from whom the defendant solicited employment for lawyers. The People read in evidence business cards which the defendant used in his work of solicitation. Four witnesses testified that the defendant offered to take their respective cases for 40 per cent of the recovery. It appeared that the defendant named different lawyers as the prospective attorney in the particular case; that in one instance he offered money to a third party as a procurer, and there was proof that the defendant admitted that he was " engaged in the business of getting cases."

It is true that there is no direct proof that the doing of this business was for profit or as a livelihood. The alternative is that the defendant engaged in this pursuit at the call of friendship or altruism. This may be dismissed in consideration of the undisputed testimony that he demanded 40 per cent of the recovery, and that his solicitations were not confined to any single attorney. The defendant offered no evidence. And no reason is suggested why he should have followed such calling without any idea of gain or profit for himself. It seems to me that the facts permit of but one reasonable conclusion—that the defendant made a business to solicit employment for a lawyer or lawyers.

The first count charges that the defendant did engage in and make it a business to solicit of divers persons employment for a lawyer and divers lawyers. The second count charges that the defendant did furnish an attorney or counselor to render certain legal services for and in behalf of, etc. Assuming that these are distinct offenses, they are both misdemeanors, and the rule is that the joinder of several misdemeanors does not justify a reversal as error if the sentence be single and appropriate to any of the counts. (Polinsky v. People, 73 N. Y. 65; People v. Budd, 117 id. 1; affd., 143 U. S. 517.) When the court charged the jury, it was careful to instruct them that " the

question to be decided by you is a very simple one, and it is a single question. * * * Did this defendant make a business of soliciting work for a lawyer?" Again, the court said: " The charge against the defendant is that he made a business of doing that, and unless you find from the proof that he did make a business of soliciting business for a lawyer or for lawyers, he cannot be convicted under this indictment." The learned court then defined " business," and again said, " did this defendant make a business of soliciting law business for a lawyer? Was that his occupation? Was that his vocation? * * * That is the question you have to decide in this case." While the minutes show that the jury found the defendant guilty as charged, I think that we may properly assume that the deliverance was upon the question submitted by the court. In Schultz v. State (135 Wis. 654) the court say: " True, they found the defendant guilty as charged, but this must be held to mean guilty as charged in the information under the instructions of the court." Examination of the record fails to reveal even one exception taken to the relevancy of the evidence offered by the People.

I advise affirmance.

RICH, PUTNAM, KELLY and JAYCOX, JJ., concur.

Judgment of conviction and orders affirmed.