act, to wit, the drawing of a will. It was not shown that the defendant ever drew a legal instrument, save in the single instance, and it was not shown that the defendant gave any legal advice with reference thereto. 2. There was no proof that defendant held himself out as an attorney and counselor at law, or had ever engaged in the business of preparing legal instruments, and, with the exception of the single, isolated instance, there was no proof that the defendant ever drew a legal instrument. 3. In *People* v. *Alfani* (227 N. Y. 334) the defendant was held to have violated section 270 of the Penal Law because of drawing legal instruments *as a business*. It was shown in that case that defendant advertised to draw legal instruments, that he gave advice on legal matters, and there was evidence consisting of defendant's sign over his office window and of repeated acts of drawing legal instruments and holding himself out to the public as being entitled so to do. In the case at bar there is no evidence that defendant ever held himself out as entitled to draw legal instruments and no proof of his ever having advertised doing such work. In *People* v. *Title Guarantee & Trust Co.* (227 N. Y. 366) the Court of Appeals construed and distinguished section 270 of the Penal Law, and in that case it was distinctly held that, unless shown to be engaged in the business of preparing legal documents, an individual could not be held guilty of a violation of the statute. Chief Judge HISCOCK, writing for the Court of Appeals in *People* v. *Title Guarantee & Trust Co.* (at pp. 375, 376) said, distinguishing section 270 of the Penal Law, concerning the practice of individuals, not admitted and registered as attorneys and counselors at law, to prepare legal instruments: " Not only by practice and custom but by inherent privilege they [individuals] had the right to do this unless forbidden by statute and if the Legislature intended to prohibit a widespread practice and establish a new rule it was its duty to say so clearly and unmistakably in the statute relating to the practice of law and rendition of legal services by individuals. It did not say so and in my opinion *there is not to be found in that section of the Penal Law any provision against the rendition of such services by an individual.* * * * There is nothing which can fairly be regarded as indicating an intention to abolish an existing and widespread practice and to prevent a layman as such and without any simulation of or pretense to the character of an attorney from drawing a simple instrument as instructed by his customer and not involving or predicated upon any legal advice then given." (Italics are the writer's.) I, therefore, dissent and vote to reverse the judgment of conviction and for the discharge of the defendant.

No. ONE TO NINE GOUVERNEUR STREET CORPORATION, Respondent, v. NEW AMSTERDAM CASUALTY COMPANY, Appellant, Impleaded, etc.— Order so far as appealed from affirmed, with ten dollars costs and disbursements. No opinion. Present — Dowling, P. J., Finch, McAvoy, Martin and Proskauer, JJ.

No. ONE TO NINE GOUVERNEUR STREET CORPORATION, Respondent, v. NEW AMSTERDAM CASUALTY COMPANY, Appellant, Impleaded, etc.— Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve an amended complaint within ten days from service of order upon payment of the costs awarded to the defendant by the order appealed from. No opinion. Present — Dowling, P. J., Finch, McAvoy, Martin and Proskauer, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE LEASK and Another,