THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* E. ALFRED WEIL, Appellant.

First Department, December 9, 1932.

*K. Karl Klein* of counsel [*Max Meyer* with him on the brief], for the appellant.

*Charles B. McLaughlin, District Attorney,* of counsel [*Sol. Boneparth* and *Herman J. Fliederblum* with him on the brief], for the respondent.

MERRELL, J.  Section 270 of the Penal Law, for a violation of which the defendant was convicted by the judgment of the Court of Special Sessions, provides as follows:

" § 270.  Practicing or appearing as attorney-at-law without being admitted and registered.  It shall be unlawful for any natural person to practice or appear as an attorney-at-law or as attorney and counselor-at-law for another in a court of record in this State or in any court in the city of New York, or to make it a business to practice as an attorney-at-law or as an attorney and counselor-at-law for another in any of said courts, or to make it a business to solicit employment for a lawyer, or to furnish attorneys or counsel or an attorney and counsel to render legal services, or to hold himself out to the public as being entitled to practice law as aforesaid, or in any other manner, or to assume to be an attorney or counselor-at-law, or to assume, use, or advertise the title of lawyer, or attorney and counselor-at-law, or attorney-at-law or counselor-at-law, or attorney, or counselor, or attorney and counselor, or equivalent terms in any language, in such manner as to convey the impression that he is a legal practitioner of law or in any manner to advertise that he either alone or together with any other persons or person, has, owns, conducts or maintains a law office or law and collection office, or office of any kind for the practice of law, without having first been duly and regularly licensed and admitted to practice law in the courts of record of this State,  *  *  *."

We are of the opinion that the testimony was insufficient to justify the conviction of the defendant for a violation of said section of the Penal Law.  The defendant was not shown to have ever practiced or appeared as an attorney or counselor at law in any court of record of the State or in any court in the city of New York. It was not shown that the defendant made a business of practicing as an attorney and counselor at law, nor did it appear that the defendant ever held himself out to the public as being entitled to practice law as an attorney and counselor at law.  The defendant, for thirty-one years, was engaged in the real estate and insurance business at 783 East One Hundred and Sixty-first street, in the borough of The Bronx.  The defendant never advertised himself as entitled to practice law, nor did he ever make any branch of the legal practice a business.

According to the testimony of the complainant, Becky Leftoff, on December 28, 1931, she went to the real estate office of the defendant and informed him that she was selling her place to a man and asked him if he would make out a bill of sale for her, stating that she was to receive $400 in cash and a $100 mortgage. She testified that the defendant said he would make a chattel mortgage for her, and that thereupon the defendant drew up a bill of sale and a chattel mortgage back from the purchaser. The complainant testified that the defendant demanded ten dollars for his services, and that she paid him five dollars, and that the purchaser was to pay the other five dollars. Later on in her testimony, in response to an inquiry by the presiding justice, the complainant stated that she gave the defendant two dollars and a half, and that the purchaser gave him a like amount — five dollars altogether; that the defendant told her it would be five dollars, so they split. The complainant also testified that when she purchased the store the defendant made out the papers. The purchaser of the store testified that the defendant asked no pay for his services, and that he paid him nothing.

The defendant testified that the complainant came to his real estate office toward evening on the day in question and asked him to draw up a bill of sale and a chattel mortgage; that he told her he did not have those papers there, and that the complainant and her companions went out and got the necessary papers. The defendant testified that he told them: " I don't like to do this stuff," and that they urged him to " just fill in a few words," which he did; that when he was asked as to his charge, he told them it was nothing at all, and that thereupon they threw down two dollars, which he subsequently took as a gift. The defendant denied ever demanding any pay for his services in drawing the bill of sale and chattel mortgage.

Assuming the truth of the complainant's testimony and interpreting the defendant's acts most strongly against him, we do not believe that the defendant, by merely preparing a bill of sale and chattel mortgage for a neighbor, was guilty of making a business of the practice of law. There was no evidence whatever that he ever held himself out to the public as being entitled to practice law.

The facts presented are quite like those appearing in the case of *People* v. *Goldsmith* (249 N. Y. 586) where the Court of Appeals reversed a judgment convicting the defendant of a violation of the same statute upon the dissenting opinion written in the Appellate Division (224 App. Div. 707). In that case, as here, the defendant was charged with the commission of a single, isolated act, to wit, the drawing of a will. There, as here, there was no testimony that the

defendant had ever given legal advice or otherwise engaged in the practice of law, save in the isolated instance mentioned. There, as here, there was no proof that the defendant held himself out as an attorney and counselor at law, or had ever engaged in the business of preparing legal instruments, and there was no proof of the defendant's habitually drawing legal instruments as a business.

In *People* v. *Alfani* (227 N. Y. 334), upon which the People rely, the proof showed that the defendant had been engaged in drawing legal instruments *as a business*, and that the defendant in that case advertised to draw legal instruments; that he gave advice on legal matters, and there was evidence, consisting of a sign which he maintained over his office window, that he held himself out to the public as being entitled to draw such instruments.

In *People* v. *Title Guarantee & Trust Company* (227 N. Y. 366) the Court of Appeals construed section 270 of the Penal Law and distinctly held that, *unless shown to be engaged in the business of preparing legal documents*, an individual cannot be held guilty of a violation of the statute.

We think there was an entire absence of proof here showing that the defendant ever made it a business either to practice as an attorney and counselor at law or that he ever held himself out to the public as being entitled to practice law, as aforesaid.

The judgment of conviction should be reversed, the information dismissed, and the fine remitted.

FINCH, P. J., O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.

Judgment reversed, the information dismissed and the fine remitted.