THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HERBERT KELLY, Appellant.

County Court, Chenango County, July 19, 1934.

*Frank W. Barnes,* for the appellant.

*Glenn F. Carter, District Attorney,* for the respondent.

BROWN, J. The appellant has been convicted in the City Court of the city of Norwich of the crime of disorderly conduct under

section 722 of the Penal Law. He appeals from the judgment of conviction and seeks a reversal alleging different grounds for the same. It is his contention that the City Court of Norwich did not have jurisdiction to try and determine the question involved; that the defendant was entitled to a jury trial; that the evidence produced on the trial was insufficient to show that the defendant was engaged in an illegal occupation.

The appellant was charged with the commission of the offense in an information made by Harold Sweet and the deposition of Lelan Brookins. Copies of same follow:

" CITY OF NORWICH
COUNTY OF CHENANGO ⎬ ss:
STATE OF NEW YORK

" Harold Sweet being duly sworn deposes and says that on or about May 31, 1934, the crime of Disorderly Conduct in violation of Penal Law Section 722 was committed by Herbert Kelly in that he did willfully, wrongfully and unlawfully engage in some illegal occupation to wit: selling alcoholic beverages at house in Gladding Lane in City of Norwich, without license or authority to sell same as provided by laws of State of New York, or any law. Deponent states that on said occasion, date and place, he purchased a bottle of alcohol from said Kelly paying him $1.00 for same, tasting and smelling of same and states it was intoxicating. The only means of livelihood or occupation I observed Herbert Kelly had was the selling of alcoholic beverages.　　" (SD.) HAROLD SWEET.

" Taken, subscribed and sworn
to before me this 5 day of ⎬
June 1934.

" (Sd.)　THEODORE C. BONNEY,
　　" City Judge."

" CITY OF NORWICH
COUNTY OF CHENANGO ⎬ ss:
STATE OF NEW YORK

" Lelan Brookins being duly sworn deposes and says he is acquainted with the facts relating thereto and states Herbert Kelly has no License issued to him authorizing sale by him of alcoholic beverages.　　" (SD.)　LELAN BROOKINS.

" Taken, subscribed and sworn
to before me this 5 day of ⎬
June 1934.

" (Sd.) THEODORE C. BONNEY
　　" City Judge."

Defendant demanded a jury trial upon the hearing before the magistrate and same was denied him. He contends this was error. Section 724 of the Penal Law reads: " Any person who commits the offense of disorderly conduct shall be arraigned before a city magistrate, who shall have power to hear and determine and to render final judgment upon conviction therefor." The offense with which defendant is charged is neither a felony nor a misdemeanor. It is a petty offense, to be dealt with summarily by the city magistrate, who has the power to hear and determine and to render final judgment. The denial of a jury trial in such cases does not violate general constitutional provisions. (*Matter of Cooley* v. *Wilder*, 234 App. Div. 256; *People* v. *Harding*, 115 Misc. 298.)

The information charges the defendant with the offense of disorderly conduct committed by willfully, wrongfully and unlawfully engaging in an illegal occupation; that illegal occupation is set forth as the sale of alcoholic beverages at a house in the city of Norwich without a license or authority to so engage. It was intended to charge an offense as described in subdivision 11 of section 722 of the Penal Law. In order to sustain the conviction, it must appear that the defendant engaged in some illegal occupation. A review of the evidence taken on the trial shows the sale to the complainant of a pint of liquor. The evidence was confined to one sale. There was no evidence given as to appellant's occupation or the business, if any, in which he was legally engaged. The deposition of Lelan Brookins, one of the police officers of the city, showed that the appellant had no license authorizing him to sell alcoholic beverages. In order to convict of disorderly conduct, because of engaging in some illegal occupation, it is necessary to show that the defendant was so engaged. The general business of selling alcoholic beverages without authority and unauthorized by law would be an illegal occupation and doubtless would constitute disorderly conduct under the section referred to. A single sale is not sufficient, however, to constitute an occupation. An occupation is not acquired by a single transaction. It involves a continuous series of transactions; acts engaged in with continuity sufficient to become a business. " Occupation " is defined in Bouvier's Law Dictionary as " a trade, business or mystery; as, the occupation of a printer." Webster defines the meaning of the word as: " That which occupies, or engages, the time and attention; the principal business of one's life; vocation; employment; calling; trade."

In *People* v. *Bright* (203 N. Y. 73, at p. 78), discussing the term " common gambler," the court say: " The context makes it unreasonable to suppose that the legislature in enacting the clause under

which this indictment was found intended to include every game in which money is at stake in the phrase ' gambling or banking game,' or that every occasional participant in a money hazard at cards, who deals in turn, was designed to be comprehended in the term ' common gambler.' The phrase ' who engages ' is significant. It means something more than occasional participation. It imports some continuity of practice, just as the epithet ' common ' implies that a common gambler is a person who customarily or habitually or frequently carries on the gambling practices which are denounced by the statute. The underlying idea is the habitual participation in gambling as a money-making pursuit.

" Occupation is defined to be that which occupies the time and attention — the principal business of one's life — occupation, employment, calling or trade. [Citing cases.] It means the legal business of a person." (*Pulaski* v. *Sovereign Camp of the Woodmen of the World*, 105 Misc. 740.)

The one sale of liquor proven to have been made by the appellant was not sufficient proof showing him to be engaged in an illegal occupation. (*People* v. *Meola*, 193 App. Div. 487; *Graves* v. *Knights of Maccabees*, 199 N. Y. 397; *Union Mutual Accident Assn.* v. *Frohard*, 134 Ill. 228.)

It is unnecessary to pass upon the other questions raised by counsel for appellant, as the failure of any proof to show the defendant engaged in an illegal occupation makes it necessary to reverse the judgment of conviction. An order of reversal may be entered.