AL MENDELSON, Respondent, v. MORRIS GOGOLICK, Appellant.

Second Department, December 31, 1934.

*Daniel A. Shirk* [*Milton A. Goldiner* with him on the brief], for the appellant.

*Theodore Charnas*, for the respondent.

DAVIS, J.   The plaintiff moved for an examination of defendant before trial.   The defendant made a cross-motion for judgment on the pleadings dismissing the complaint.   Plaintiff's motion was granted, and that of defendant was denied.   Only that part of the order denying defendant's motion requires consideration.

The complaint alleged that plaintiff (a layman) made an agreement with defendant (a lawyer) by which he was to procure and deliver to the lawyer a written retainer and agreement in two causes of action arising by reason of the personal injuries of an infant, alleged to have occurred through negligence.   It was agreed that plaintiff should receive as compensation one-third of the fee collected by defendant.   Defendant paid twenty-five dollars at the time the retainers were produced.   The actions were tried and the total fees received by the defendant were $9,000; and he has not paid plaintiff the remaining $2,975, for which judgment is demanded.

The question is whether this agreement was illegal and void by statute and as against public policy.   As to the defendant it is clear that the contract was not only unethical (Canons of Professional Ethics, rule 28 [58 American Bar Association Reports, 704]) but was forbidden by statute.   (Penal Law, § 274.)   Originally it was held in this State that such contracts between lawyers and laymen were illegal under the provisions of the statute preceding the present section 274, which related entirely to attorneys and not at all to laymen (*Hirshbach* v. *Ketchum*, 5 App. Div. 324), but the doctrine of that case was disapproved and overruled in *Irwin* v. *Curie* (171 N. Y. 409).   In the *Irwin* case it was held that the parties were not *in pari delicto*, and that the contract was enforcible by the layman against the lawyer.   Subsequent to the decision there seems to have been a growth of public opinion and a quickening of the public conscience in respect to such contracts tending to bring the profession into disrepute.   (See *Matter of Clark*, 184 N. Y. 222.)   Theretofore such agreements were quite common and there seems to have been a general indifference concerning such matters.

In 1898 a statute had been enacted making it unlawful for any person to practice or appear as an attorney who was not duly

and regularly licensed and admitted to practice as an attorney and counselor. (Penal Law, § 270.) In 1917 (fifteen years after the decision in the *Irwin* case) section 270 was amended, making it unlawful for any person " to make it a business to solicit employment for a lawyer, *or to furnish attorneys or counsel or an attorney and counsel to render legal services.*" This language interdicts such contracts and makes them unenforcible in the courts on the principle that contracts void by statute will receive from the courts no recognition in the way of furnishing a remedy, but the parties will be left where they are found.

The plaintiff argues that nothing is to be found in the record to the effect that he has made it a business thus to solicit employment for a lawyer — that a single instance does not indicate such a course of conduct. He cites cases where persons have been prosecuted criminally and it has been held that a single act does not constitute making it a business. (*People* v. *Goldsmith,* 224 App. Div. 707; revd., 249 N. Y. 586; *People* v. *Weil,* 237 App. Div. 118.) (Cf. *People* v. *Alfani,* 227 N. Y. 334; *People* v. *Meola,* 193 App. Div. 487.) Very likely a stricter rule is adopted in a criminal case than would be applied in a civil action, but that question we find unnecessary to decide. The amendment above noted contains two separate inhibitions: One as to making it a business, and the other as to furnishing attorneys or counsel to render legal services. The provisions of a similar section applying to corporations were so classified by CRANE, J., in *People* v. *Title Guarantee & Trust Co.* (227 N. Y. 366, 381). Such contracts are now definitely illegal by reason of the amendment to section 270 as above stated.

Even if there were no statute, it is very likely that the courts of this State would now follow the rule in the majority of other jurisdictions in respect to public policy being against the validity of such agreements or those of a similar character, which are now generally condemned as iniquitous. That is the general rule. (*Meguire* v. *Corwine,* 101 U. S. 108; *Hazelton* v. *Sheckells,* 202 id. 71; *Alpers* v. *Hunt,* 86 Cal. 78; 24 P. 846; *Chreste* v. *Louisville R. Co.,* 173 Ky. 486; 191 S. W. 265; *Allen* v. *Hawks,* 13 Pick. 79; *Holland* v. *Sheehan,* 108 Minn. 362; 122 N. W. 1; *Langdon* v. *Conlin,* 67 Neb. 243; 93 N. W. 389; *Waychoff* v. *Waychoff,* 309 Penn. St. 300; 163 Atl. 670; *Prince* v. *Fox,* 2 Tenn. C. C. A. 319; *Ford* v. *Munroe,* [Tex. Civ. App.] 144 S. W. 349; 86 A. L. R. note, pp. 195 *et seq.;* 2 R. C. L. p. 1085; 11 C. J. 254.) The only States having a contrary rule are New York (as indicated in the case of *Irwin* v. *Curie, supra;* cf. *Dudar* v. *Milef Realty Corp.,* 227 App. Div. 279; *Sadden* v. *Sebring,* 182 N. Y. Supp. 1), Illinois (*Dunne* v. *Herrick,*

37 Ill. App. 180; *Vocke* v. *Peters*, 58 id. 338), and Missouri (*Kelerher* v. *Henderson*, 203 Mo. 498). The state of public opinion on the subject and the decisions of courts in respect thereto must have become so well known to laymen as well as lawyers that plaintiff may be held to have had knowledge of the illegality of the contract at the time it was made — both by the rule of general public policy and of the inhibition of the statute.

The respondent relies on a case recently decided in this court (*Rothbard* v. *Jones*, 236 App. Div. 738). What was said in the memorandum decision in that case was unrelated to the question actually decided and was dicta, based on the *Irwin* case, without having the provisions of section 270 of the Penal Law called to the attention of the court.

We reach the conclusion that the contract was illegal and void as against public policy represented by the statute and by the present state of judicial determination and public opinion as generally manifested in the cases cited in this and other jurisdictions. It follows that the order should be reversed on the law, with ten dollars costs and disbursements, the motion of defendant for judgment on the pleadings dismissing the complaint granted and complaint dismissed, with costs. Plaintiff's motion for examination before trial becomes ineffectual, but on reversal the motion will formally be denied.

LAZANSKY, P. J., HAGARTY, CARSWELL and TOMPKINS, JJ., concur.

Order granting plaintiff's motion for an examination before trial and denying defendant's cross-motion for judgment on the pleadings, dismissing the complaint, reversed on the law, with ten dollars costs and disbursements, motion for examination before trial denied, and motion for judgment on the pleadings granted and complaint dismissed, with costs.