(No. 24558.—

JACOB KAPLAN, Appellant, *vs.* LEOPOLD ZEMAN *et al.*
Appellees.

*Opinion filed June 20, 1938—Rehearing denied October 5, 1938.*

ALFRED M. LOESER, for appellant.

STEBBINS, McKINLEY & PRICE, (WILLIAM McKINLEY, and PAUL E. PRICE, of counsel,) for appellees.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county dismissing plaintiff's complaint for want of equity, after sustaining a motion to strike and upon plaintiff's election to stand by his complaint.

The facts admitted by the motion are as follows: The appellant is a lawyer and was employed to represent the

defendant Leopold Zeman in securing the dissolution of a trust, which contained several pieces of Chicago real estate in which Zeman had a substantial interest. The appellant had a contingent contract with Zeman whereby he was to receive a ten per cent interest in whatever property was obtained for his client. This litigation was carried through to a successful conclusion. Zeman received sole title to $50,000 worth of real estate free from any trust. The complaint alleges that for the purpose of defrauding the appellant, Zeman immediately conveyed this property to Mrs. Zeman; that that conveyance was without consideration, was in furtherance of a scheme to defraud appellant and that Mrs. Zeman took with notice. The complaint asks for an injunction, a receiver, a specific performance of the alleged contract, and, in the alternative, if specific performance cannot be awarded, for a determination of the value of his services and for a lien on the property. A great deal of space in the briefs is devoted to the alternative prayer for a lien. The complaint shows clearly that appellant relies upon his contract for a ten per cent interest in the property and that he seeks specific performance of the agreement which he has fully performed. We consider it unimportant to determine whether or not he might have a lien on this property, because, on the admitted facts, to deny specific performance would amount to perpetrating a fraud upon him. An oral contract for services which has been fully performed may be specifically enforced where a failure to carry out the agreement will amount to a fraud on the promisee. *Fierke* v. *Elgin City Banking Co.* 366 Ill. 66.

This case is controlled by *Smith* v. *Young,* 62 Ill. 210. There, also, the complainant was an attorney who had a contingent contract for an interest in the subject matter of the litigation. Smith agreed to undertake the collection of a debt, secured by a tract of land in LaSalle county, and to that end prosecuted a suit to a final decree, a sale of the land and the issuance of a certificate of purchase to Young.

The bill prayed for a decree for a one-fifth interest in the proceeds of the land, if redeemed, or, in the alternative, for a conveyance of an undivided one-fifth of the land, if not redeemed. We held that the complainant was entitled to recover.

The decree of the circuit court of Cook county is reversed and the cause is remanded to that court, with directions to overrule the motion to strike.

*Reversed and remanded, with directions.*