WILLIAM B. SPIVAK, Respondent, v. MARY W. SACHS, Appellant.

First Department, June 16, 1964.

*David Kashman* of counsel (*Vincent J. Di Mattina,* attorney), for appellant.

*Arthur A. Greenfield* of counsel (*Frederic P. Houston* with him on the brief; *Otterbourg, Steindler, Houston & Rosen,* attorneys), for respondent.

STEUER, J. The essential facts necessary for resolution of this case are that defendant requested plaintiff, a lawyer admitted to practice in California but not in New York, to come here and render her what assistance he could in matrimonial litigation in which defendant was involved. Plaintiff correctly advised defendant that he would not be able to appear in any action and that the services he could perform would be limited to advice and consultation with the attorneys appearing for her. With complete understanding of the situation and under circumstances that clearly showed that it was contemplated that the services would be paid for, plaintiff came to New York and performed the services that were requested.

We have no doubt that the services performed were legal services. The only question is whether plaintiff is barred from recovery because he is not admitted to practice in this jurisdiction. Any such prohibition would have to be of statutory origin and, as the dissent shows, the applicable statute is section 270 of the Penal Law. That statute makes it unlawful for any person to practice or appear in any court, or to hold himself out as being entitled to practice, or to maintain an office of any kind for the practice of law, without having first been admitted to the Bar. It is quite clear that plaintiff did none of the specific acts that are forbidden. He made no court appearances, and

he made no misrepresentation as to his status — in fact, he made that abundantly clear to all persons with whom he came in contact. So that the only possible statutory contravention would have to be found in the word " practice ".

In all of the reported cases interpreting the statute which have come to our attention, the question has either been one of holding out to be an attorney (*People* v. *Alfani,* 227 N. Y. 334) or whether a continuous course of conduct carried on in this State constituted legal practice (*Blumenberg* v. *Neubecker,* 12 N Y 2d 456; *Matter of New York County Lawyers Assn.* [*Roel*], 3 N Y 2d 224; *Matter of New York County Lawyers Assn.* [*Bercu*], 273 App. Div. 524). The statutory purpose is the protection of the public against representation by persons who are exempt from the regulatory provisions which govern those admitted to practice. Consonantly, it has been held that a single act not influenced by the element of misrepresentation of status, even though the act is one usually restricted to lawyers, is not a violation of the section (*People* v. *Weil,* 237 App. Div. 118).

The literal interpretation which attributes to a single act, not attended by misleading the client, the same consequences as a continuing course of conduct, is virtually self-defeating. With business activities crossing State lines and with communication and travel facilitated, it is usual for lawyers to accompany their clients for purposes of consultation and advice. It is true that in any such situation where the acts tend to become regular, a question of degree can arise as to whether this constitutes practice. But where, as here, a solitary incident is presented, and no otherwise improper act or holding out is involved, the statute is not violated.

The judgment should be affirmed, with costs to respondent.

EAGER, J. (dissenting). The plaintiff is a member of the California Bar but is not admitted to practice law either in New York or Connecticut. This action was brought by him to recover the alleged reasonable value of his services in the nature of advice and assistance rendered to defendant and her attorneys in connection with her matrimonial problems, including litigation pending in Connecticut and the proposed drafts of a separation agreement. The services were allegedly rendered in New York City at various conferences and meetings with the defendant and with New York attorneys. The plaintiff testified he came here to consult with and advise the defendant, and admitted that he gave advice based on his " knowledge of New York law ". The trial court found that, " [t]he essence of

the services performed by the plaintiff was advisory and consultative.''

The advice that the plaintiff gave to the defendant was legal advice in that it concerned the matter of the proper jurisdiction for the matrimonial litigation, the advisability of the dismissal of the Connecticut proceedings with the institution of a new action in New York, the matter of property settlements and the terms of proposed drafts of separation agreements, the custody of the infant son of the parties and his opinion as to the nature of the representation defendant was receiving at the hands of her present counsel in New York with a recommendation that she retain a certain other attorney here. The law and its application and effect were necessarily involved in these matters. The plaintiff, in advising the defendant in connection therewith, was drawing upon his training and experience as a lawyer, and the defendant intended to and was securing the benefit of such training and experience.

Whenever a person gives advice as to the law, whether the '' New York law, Federal law, the law of a sister State, or the law of a foreign country, he is giving legal advice.'' (*Matter of New York County Lawyers Assn.* [*Roel*], 3 N Y 2d 224, 229.) The giving of the legal advice constitutes the practice of law. (See *Matter of New York County Lawyers Assn.* [*Bercu*], 273 App. Div. 524, 527; *People v. Alfani,* 227 N. Y. 334.)

The plaintiff's own testimony as to the basis for his valuation of his services at $750 a day establishes undisputably that they were lawyer's services. He testified that his per diem charge in California as a practicing lawyer there was $475 to $525 a day; '' that the reasonable value of my services takes in many things ''; that the same were to be appraised in the light of '' my standing in the community where I practice * * * my experience at the Bar. * * * the complexities of the litigation itself, where here we were concerned with Connecticut and New York. * * * the very strength of the opposition we've had in this case, Sullivan & Cromwell [a well-known law firm]. * * * The very nature and the importance of the subject matter * * * The importance of the parties involved. The skill which it was necessary for me both to have and the skill to employ. There is only one element that is missing * * * that is the result obtained, and had I been permitted to continue I think we would have had a favorable result.''

The plaintiff's services in the matter of the consultations with and advice given here to defendant and her attorneys, without being duly and legally licensed and admitted to practice law in

this State, constituted a violation of section 270 of the Penal Law. (See *Matter of New York County Lawyers Assn.* [*Bercu*], *supra*; *People* v. *Alfani, supra.*) The plaintiff was engaged in the practice of law here in the violation of the statute. This was not the case of a " single or isolated act " nor the case of furnishing advice which was merely incidental to plaintiff's practice of law in California. On the plaintiff's allegations and proofs, it is his claim that he specifically came to New York to advise and consult with the defendant over a period of days and that his services in this connection continued from day to day for a period of about two weeks. He requested and was allowed recovery for services on a daily basis for 14 days. This shows a course of conduct violative of the spirit and the letter of the law.

In addition to constituting a violation of the provisions of said section 270, conduct of this nature by foreign State attorneys has a tendency to circumvent the provisions of the Judiciary Law and of the Rules of the Court of Appeals concerning the licensing to practice here of such attorneys. (See Judiciary Law, § 53, and Court of Appeals Rules, rule VII.) Furthermore, public policy considerations strongly weigh against the plaintiff's right to maintain this action. Recovery here is particularly an inducement for attorneys from neighboring States to come into our State and practice law without seeking admission here and thus being subjected to the regulatory powers our courts possess with respect to attorneys admitted to practice in the State.

" The right to recover compensation for services rendered in the capacity of an attorney or counselor at law is confined to those persons who were duly admitted and entitled to practice as such in the courts at the time the services were rendered, and who were then in good standing. This is especially true as to services rendered in violation of a statute prohibiting unlicensed persons from practicing law ". (1 Thornton, Attorneys at Law, § 23, p. 25.) The plaintiff's action in our courts to recover for his alleged legal services rendered here should have been dismissed. (See, further, *Blumenberg* v. *Neubecker*, 12 N Y 2d 456, 460; *Fein* v. *Ellenbogen* [App. Term], 84 N. Y. S. 2d 787; cf. *Finnerty* v. *Siegal*, 168 Misc. 476.)

VALENTE, J. P., and STEVENS, J., concur with STEUER, J.; EAGER, J., dissents in opinion, in which McNALLY, J., concurs.

Judgment affirmed, with costs to the respondent.